Jonas V. Anderson, VA SB #78240
Acting Assistant United States Trustee
Carla Gowen McClurg, OSB #165144
Trial Attorney
U.S. Department of Justice
Office of the United States Trustee
620 SW Main Street, Suite 213
Portland, OR 97205
Telephone (503) 326-7659
Email: carla.mcclurg@usdoj.gov

Attorneys for Gregory M. Garvin
Acting United States Trustee for Region 18

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In re:<br><br>Peter Szanto,<br><br>                Debtor. | Case No. 16-33185-pcm7 |
| United States Trustee,<br>                Plaintiff,<br>   v.<br>Peter Szanto,<br>                Defendant. | Adversary No. 18-03022-pcm<br><br>**UNITED STATES TRUSTEE'S OBJECTION TO DEFENDANT'S NOTICE OF MOTION AND MOTION FOR MORE DEFINITE STATEMENT** |

      Plaintiff, Gregory M. Garvin, Acting United States Trustee for Region 18 (the "United States Trustee"), by and through his attorney, Carla Gowen McClurg, hereby objects to Defendant's Notice of Motion and Motion for More Definite Statement filed by defendant Peter Szanto ("Defendant") on April 11, 2018, ECF No. 9 (the "Motion"), in response to the United States Trustee's Complaint for Denial of Discharge filed on March 5, 3018, ECF No. 1 (the "Complaint"), which commenced the above-referenced adversary proceeding (the "Adversary Proceeding").

Page 1 – UNITED STATES TRUSTEE'S OBJECTION TO DEFENDANT'S NOTICE OF MOTION AND MOTION FOR MORE DEFINITE STATEMENT

## I. Summary of Argument

The Motion should be denied. The Complaint satisfies the pleading requirements of Rule 8 and 9 of the Federal Rules of Civil Procedure (hereinafter "Rule" or "Rules") and is neither vague nor ambiguous. In fact, the Complaint clearly and explicitly sets forth the United States Trustee's claims against Defendant and the factual bases for those claims. Relief under Rule 12(e) is therefore not appropriate.

## II. Statement of Jurisdiction and Pertinent Facts

The Court has jurisdiction of this matter pursuant to 11 U.S.C. § 727 and 28 U.S.C. §§ 157 and 1334.

The United States Trustee filed the Complaint on March 5, 2018. The Complaint is 35 pages long and alleges 11 claims for relief against Defendant to support denial of Defendant's discharge pursuant to 11 U.S.C. § 727(a) preceded by a lengthy and detailed recitation of pertinent facts.

On March 12, 2018, Defendant filed a Motion to Extend Time to File Answer or Motion, ECF No. 5, requesting an extension of time to respond to the Complaint. Pursuant to an order entered on March 15, 2018, ECF No. 7, the Court extended the deadlines for Defendant to answer or otherwise respond to the Complaint through and including April 12, 2018. Defendant filed the Motion on April 11, 2018.

## III. Legal Standards

### A. Rules 8 and 9 Pleading Standards

General rules of pleading in adversary proceedings are governed by Rule 7008(a) of the Federal Rules of Bankruptcy Procedure (hereinafter "Bankruptcy Rules" or "Bankruptcy Rule"), which incorporates Rule 8. Pursuant to Rule 8(a)(2) and (3), a pleading stating a claim for relief must contain "a short plain statement of the claim showing that the pleader is entitled to relief;"

and "a demand for the relief sought, which may include relief in the alternative or different types of relief." Additionally, "[e]ach allegation must be simple, concise, and direct[,]" and "[n]o technical form is required." Fed. R. Civ. P. 8(d)(1).

"Pleadings must be construed so as to do justice." Fed. R. Civ. P. 8(e). *See Dominguez v. Miller* (*In re Dominguez*), 51 F.3d 1502, 1509 (9th Cir. 1995) (a pleading substantially complies with Rule 8 if it gives the defendant fair notice of the claim and grounds therefor); *see also Acequia, Inc. v. Clinton* (*In re Acequia, Inc.*), 34 F.3d 800, 814 (9th Cir. 1994) (a complaint's main purpose is to provide notice of a claim and its grounds; it must at least set forth enough details to provide the defendant and court with a fair idea of the complaint's basis and legal grounds for relief).

Rule 9 also applies in adversary proceedings pursuant to Bankruptcy Rule 7009. Rule 9(b) provides that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake[,]" although "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Rule 9(b) has three purposes: (1) to provide defendants adequate notice to defend the charge and deter plaintiffs from filing complaints "as a pretext for the discovery of unknown wrongs"; (2) to protect those whose reputation would be harmed by fraud charges; and (3) to prohibit parties from unilaterally imposing enormous social and economic costs, absent some factual basis. *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009) (quotations and citation omitted).

"Rule 9(b) demands that the circumstances constituting the alleged fraud be specific enough to give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done nothing wrong." *Id.* at 1124 (quotations and citations omitted). "Averments of fraud must be accompanied by the "who, what, when, and

where, and how" of the misconduct charged." *Id*. Allegations not meeting that standard should be disregarded or stripped from the claim. *See id*. "A party alleging fraud must 'set forth more than the neutral facts necessary to identify the transaction.'" *Id*.

Yet, "pleading with particularity in conformity with Rule 9(b) does not require, nor should it be read to require, pleading unnecessary details of evidentiary matter." 10 COLLIER ON BANKRUPTCY ¶ 7009.03 (Alan N. Resnick & Henry J. Sommer eds., 16th ed.). "Facts with respect to false misrepresentations, including time and place and content . . . should ordinarily be pleaded, as should facts with respect to the consequences of fraud. General allegations based on information and belief would not, normally, be sufficient." *Id.* (citation omitted). As the Ninth Circuit explained in *Dominguez*, "[i]n the bankruptcy context, we construe a deficient pleading liberally, if the pleading substantially complies with the requirements of a complaint by giving the debtor fair notice of what the plaintiff's claim is and the grounds upon which it rests." 51 F.3d at 1508 (quotations and citation omitted).

*Dominguez* addressed Rule 8, but the same principle – liberal construction of bankruptcy pleadings – should also apply to Rule 9(b), as "[f]raud can be averred either directly, by specifically averring fraud, or indirectly, by alleging facts that, if true, would necessarily constitute fraud (even if the word 'fraud' is not used)." *Kearns*, 567 F.3d at 1124 (quotations and citation omitted). Pre-discovery, plaintiffs cannot aspire to know all details of alleged fraud; Rule 9(b) is designed to thwart baseless complaints and fishing expeditions and does not require dismissal of complaints in which allegations, if true, would start to paint a picture of actionable fraud. *See Gutierrez v. Givens*, 989 F.Supp. 1033, 1044 (S.D. Cal. 1997). "If the complaint has generally stated the time, place and nature of the alleged fraudulent activities, it will be sufficient for Rule 9(b)." *Securities Investor Protection Corp. v. Poirier*, 653 F.Supp. 63, 66 (D. Or. 1986)

(citing *Bosse v. Crowell, Collier & MacMillan*, 565 F.2d 602 (9th Cir. 1977)).

### B. Rule 12(e) Motion for a More Definite Statement Standard

Rule 12(e) is made applicable to bankruptcy adversary proceedings pursuant to Bankruptcy Rule 7012(b). Rule 12(e) provides, in pertinent part:

> **(e) Motion for a More Definite Statement.** A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired. …

Rule 12(e) motions are left to the Court's discretion, but generally are not favored. *Pardo v. NYLCare Health Plans Inc.* (*In re APF Co.*), 274 B.R. 408, 425 (Bankr. D. Del. 2001) (citation omitted); *Bobosky v. Adidas AG*, 2011 WL 13250946, at *2 (D. Or. 2011) (Rule 12(e) motions are disfavored and "proper only where the complaint is so indefinite that the defendant cannot ascertain the nature of the claim being asserted") (quotations and citation omitted).

"Where a responsive pleading can reasonably be framed, a motion for more definite statement should be denied." *Bobosky*, 2011 WL 13250946, at *2 (citations omitted). Claims for relief also should be "read in light of the [c]omplaint's preceding factual allegations," and if a claim when so read is sufficiently clear, no more definite statement is needed. *Id.* at *3. "Similarly, where the detail sought by a motion for more definite statement is available through discovery, the motion should be denied." *Id.* (citation omitted). *See also, e.g., In re KSL Median, Inc.*, 2016 WL 1171956, at *2 (Bankr. C.D. Cal. 2016) (Rule 12(e)'s function is not to require the pleader to disclose details of the case, nor to provide evidentiary material that may be properly obtained by discovery) (citation omitted); *Castillo v. Norton*, 219 F.R.D. 155, 163 (D. Ariz. 2003) ("If the moving party could obtain the missing detail through discovery, the motion should be denied.') (quotations and citation omitted).

In sum, "[t]he pleadings are not a substitute for discovery." *APF Co.*, 274 B.R. at 425 (citation omitted). A Rule 12(e) motion is "'ordinarily restricted to situations where a pleading suffers from unintelligibility rather than want of detail.'" *Castillo*, 219 F.R.D. at 163 (quoting *Sheffield v. Orius Corp.*, 211 F.R.D. 411, 414-15 (D. Or. 2002)). "'[I]f the requirements of the general rule as to pleadings are satisfied and the opposing party is fairly notified of the nature of the claim such [a] motion is inappropriate.'" *Id.*

### IV. Discussion of Defendant's Arguments

In the Motion, Defendant's arguments appear to fall into two categories: (i) a challenge to venue for the Adversary Proceeding in the District of Oregon, and (ii) requests for "specificity" and the "what", "where", "how", "when", and "why" various claims "necessitate[] or warrant[] denial of discharge."

**A. Defendant's venue arguments are misplaced and not appropriately raised under Rule 12(e).**

Part of the background information included in the Complaint includes Defendant's prior bankruptcy filings in California and Nevada. The fact of Defendant's prior bankruptcy filings is included by the United States Trustee as background information regarding Defendant's experience in bankruptcy generally.

In the Motion, Defendant argues that "the presentation of debtor's Bankruptcies from California and Nevada, if they are sought to be reopened by plaintiff, would suggest and weigh toward a change of venue to one of those states."

As stated above, the United States Trustee included information regarding Defendant's bankruptcy experience as background facts. The United States Trustee does not intend to reopen Defendant's prior bankruptcy cases. Moreover, Defendant's venue arguments are not appropriately raised in a motion for a more definite statement under Rule 12(e).

### B. Relief under Rule 12(e) is not appropriate because the Complaint is clear, detailed, specific, and satisfies applicable pleading requirements.

Pages 2 through 24 of the Complaint set forth detailed factual allegations, including general background information and a summary Defendant's conduct throughout his pending bankruptcy case, which was originally commenced under chapter 11. Pages 24 through 35 of the Complaint set forth in detail the United States Trustee's eleven claims for relief against Defendant pursuant to 11 U.S.C. § 727(a).

In the Motion, Defendant raises issues regarding the claims asserted by the United States Trustee in the Complaint in reverse order. In general, Defendant argues that Plaintiff does not allege in the Complaint specific facts in support of the claims, including the "what", "where", "how", "when", and "why" the claims "necessitate[] or warrant[] denial of discharge." Defendant does not appear to connect the very detailed summary of facts set forth in pages 2 through 24 of the Complaint with the United States Trustee's 11 claims for relief. As set forth below, contrary to Defendant's arguments, the Complaint alleges the facts in support of the claims for relief specifically and exhaustively.

The United States Trustee's responds to Defendant's arguments regarding each claim for relief as follows:

- The Motion, at page 5, notes that the Complaint's Eleventh Claim for Relief alleges refusal to obey orders, and states that Defendant "desires specificity as to <u>what, where, how</u> and <u>when</u> any alleged violation occurred; and <u>why</u> said violation creates, necessitates or warrants denial of discharge." Paragraphs 133 through 145 of the Complaint in detail discuss the specific orders included in the Eleventh Claim for Relief and Defendant's actions that violated the orders.

**Page 7 – UNITED STATES TRUSTEE'S OBJECTION TO DEFENDANT'S NOTICE OF MOTION AND MOTION FOR MORE DEFINITE STATEMENT**

- The Motion, at page 5, seeks specificity as to information Defendant was alleged, in the Complaint's Tenth Claim for Relief, to have withheld. Paragraphs 142 through 145 of the Complaint specify the information the Defendant withheld from the chapter 7 trustee, which Defendant was ordered to provide.

- The Motion, at page 5, requests specificity, with respect to the Complaint's Ninth Claim for Relief, as to "any false claim" Defendant filed, and why "said claim would necessitate or warrant denial of discharge." Paragraphs 146 through 169 of the Complaint describe in detail background facts regarding Defendant's pending dissolution matter with his wife, Susan Szanto ("Susan"); Defendant's inconsistent sworn statements regarding agreements with Susan regarding the accumulation of property during marriage; and the claim filed and signed by Defendant on behalf of Susan.

- The Motion, at pages 5 through 6, seeks specificity as "evidence" supporting each alleged false oath or account alleged under the Complaint's Eighth Claim for Relief, and "the connection of each specific item to the issue of dischargeability." The Eighth Claim for Relief describes in detail in paragraph 185 numerous false statements Defendant made under oath during an evidentiary hearing on November 29, 2017 and December 4, 2017, which are discussed in detail under the heading "Szanto's Testimony During Hearing on Motion to Convert and Plan Confirmation" in paragraphs 115 through 132 of the Complaint. The United States Trustee will, concurrently with the filing of this objection, provide to Defendant copies of the transcripts of the proceedings on November 29, 2017 and December 4, 2017.

- The Motion, at page 6, seeks specificity as to why allegations set forth in the Complaint's Seventh Claim for Relief "are not merely seeking duplicate relief as requested in other claims." The Seventh Claim for Relief is based on Defendant's false statements during a special meeting of creditors on October 18, 2017. Defendant's false statements on October 18, 2017 are listed under the Seventh Claim for Relief in paragraph 183. A detailed factual summary of the statements made by Defendant under oath on October 18, 2017 are set forth in paragraphs 86 through 100 under the heading "Szanto's Special Meeting of Creditors." Concurrently with the filing of this objection, the United States Trustee will provide to Defendant a copy of the transcript of the October 18, 2017 special meeting of creditors.

- The Motion, at page 6, requests specificity as to the Complaint's Sixth Claim for Relief, and it seeks clarification as to "which testimony given when is being attacked?" The Sixth Claim for Relief is based on Defendant's false statements during the meeting of creditors on September 20, 2016 and lists the false statements in paragraph 181. Paragraphs 1 through 68 of the Complaint describe in detail factual information regarding Defendant's assets, income, businesses, financial accounts, bankruptcy documents, and Szanto's testimony regarding these matters during the meeting of creditors on September 20, 2016. Concurrently with the filing of this objection, the United States Trustee will provide to Defendant a copy of the transcript of the meeting of creditors on September 20, 2016.

- The Motion, at page 7, requests "clarification regarding materiality of certain matters" and "clarification as to . . . the exact extent and nature of the materiality of which the plaintiff complains" regarding the Complaint's Fifth Claim for Relief. The Fifth Claim for Relief sets forth a claim for relief for denial of discharge due to Defendant's false statements under penalty of perjury in monthly operating reports and lists the false statements in detail in paragraph 179. The facts pertaining to Defendant's false statements in monthly operating reports are set forth in detail in paragraphs 45 through 85 of the Complaint.
- The Motion, at page 7, requests "exact specificity regarding materiality" with regard to the Complaint's Fourth Claim for Relief. The Fourth Claim for Relief lays out a claim for relief for denial of discharge based on Defendant's false statements in bankruptcy documents he signed under penalty of perjury and lists the false statements in paragraph 177. The facts pertaining to Defendant's false statements in bankruptcy documents are set forth in paragraphs 10 through 44 of the Complaint.
- The Motion, at page 7, requests "specificity regarding what specific recorded information is being referenced[]" in the Complaint's Third Claim for Relief. The Third Claim for Relief sets forth the United States Trustee's claim for relief for detail of discharge pertaining to Defendant's concealment, destruction, mutilation, falsification, or failure to keep or preserve recorded information, including books, documents, records, and papers, from which Defendant's financial condition or business transactions might be ascertained. Paragraph 102 of the Complaint cites testimony by Defendant that he did not maintain bank statements. The

Complaint's factual allegations preceding its claims for relief also cite multiple instances when Defendant failed to produce books and records, including paragraphs 86 through 110 and 133 through 145.

- The Motion, at page 7, requests "which specific items are actually implicated and alleged[]" by the Complaint's Second Claim for Relief. The Second Claim for Relief sets forth the United States Trustee's claim for denial of discharge based upon Defendant's post-petition transfer, removal, or concealment of estate property after the petition date and lists the items of estate property in paragraph 173 of the Complaint. The factual allegations in support are included in paragraphs 10 through 165 of the Complaint.

- The Motion, at pages 7 through 8, requests "which specific items are actually implicated and alleged[]" by the Complaint's First Claim for Relief. The First Claim for Relief sets forth the United States Trustee's claim for denial of discharge based upon Defendant's pre-petition transfer, removal, or concealment of property within one year of the petition date and lists the items of property in paragraph 171. The factual allegations in support are included in paragraphs 10 through 165 of the Complaint.

**C. The Motion should be denied because the Complaint is not defective under applicable pleading standards.**

The Motion does not identify a defect in the Complaint under applicable pleading standards. The Complaint's factual allegations are exhaustively detailed. To the extent Defendant highlights alleged deficiencies within narrow confines of claims for relief, such alleged deficiencies are readily negated "when read in light of the Complaint's preceding factual allegations[.]" *Bobosky v. Adidas AG*, 2011 WL 13250946, at *3.

In sum, "[t]he class of pleadings which are so ambiguous as to merit the granting of a Rule 12(e) motion is quite small." *APF Co.*, 274 B.R. at 425. That very small class of pleadings most certainly does not include the Complaint.

## V. Conclusion

The Complaint exhaustively sets forth detailed facts in support of numerous claims for relief. The Motion should be denied, and Defendant should be required to file an answer to the Complaint.

DATED this 25th day of April, 2018.

GREGORY M. GARVIN
Acting United States Trustee for Region 18


/s/ Carla Gowen McClurg
CARLA GOWEN McCLURG, OSB #165144
Trial Attorney

# CERTIFICATE OF SERVICE

I hereby certify that on April 25, 2018, I served a copy of the foregoing **UNITED STATES TRUSTEE'S OBJECTION TO DEFENDANT'S NOTICE OF MOTION AND MOTION FOR MORE DEFINITE STATEMENT** by mailing a copy of this document, by United States first class mail, postage prepaid, addressed to the following:

Peter Szanto
11 Shore Pine
Newport Beach, CA 92657

I further certified that I emailed a copy of the foregoing document to the debtor on April 25, 2018 at the following email address: szanto.pete@gmail.com.

                                        GREGORY M. GARVIN
                                        Acting United States Trustee for Region 18


                                        /s/ Carla Gowen McClurg
                                        CARLA GOWEN McCLURG, OSB #165144
                                        Trial Attorney