PETER SZANTO 949-887-2369
11 Shore Pine
Newport Beach CA 92657

# United States Bankruptcy Court

## in and for the District of OREGON

1001 SW 5th Av., Portland OR 97204

CLERK U.S. BANKRUPTCY COURT

SEP 24 2018

LODGED_____ REC'D_____
PAID_____ DOCKETED_____

**In Re Peter Szanto, Debtor**

==================

**ADVERSARIAL 18-ap-3022-pcm**

core case # 16 –bk-33185 pcm7

**MOTION to QUASH SUBPOENA**

**to Capitol One Bank and**

**REQUEST for HEARING**

(This application is further evidence of Trustee McClurg's improper actions, un-cooperative behavior and intentional violations of 11 USC § 704)

(Federal Rule of Bankruptcy Procedure 9016 and Federal Rule of Civil Procedure 45)

May it please this Honorable Court.

16- 33185 /18-ap-3022        Motion to Quash Subpoena   – pg. 1

## 1. Defendant's Certification Relating to Pre-filing Conferral (Certification Pursuant to LBR 7007-1(a))

Ms McClurg sent debtor a prospective letter to the effect -- that for all time – irregardless of whatever relief debtor requests, she will oppose it.

Nonetheless, on 9-17-18, debtor phoned Ms McClurg seeking to discuss the instant application for relief.

As of the signing of the instant paper, debtor has received no communication from Ms McClurg.

Thus, pursuant to rule, debtor has sought conferral so as to resolve the situation, but has been unsuccessful in that regard.

I certify under penalty of perjury under the laws of the United States, that foregoing is true and correct. Signed at Los Angeles CA.

DATED 9-21-2018    ___/s/_____ Peter Szanto

## 2. Introduction

### a. General Theme of Objection to 67 Subpoenas Received on 9/17/18

**Debtor received 67 subpoenas from Carla McClurg on 9/17/18!!!!**

16- 33185 /18-ap-3022       Motion to Quash Subpoena   – pg. 2

Many of the subpoenas were duplications, with absolutely no difference; just the same subpoena sent multiple times. For a while, debtor was unable to figure why Ms Mc Clurg would have issued so many, many duplicate subpoenas. Quickly, recalling all of the rules violations already committed, realization of further and continuing violations of rules and procedure was understood by debtor!!

It is immediately clear why Ms McClurg sent such an outrageous number of subpoenas: 1st, Mc Clurg reckons that such an outrageous number of subpoenas will keep debtor occupied from pursuing work to exit his current state of destitution and (**MUCH MORE IMPORTANTLY**) 2nd, McClurg knows that by sending multiple subpoenas to large institutions, it is likely that (EG, of the eight subpoenas directed to American Express, that eight different clerks will be handling each of the subpoenas -- and likely one or more of those clerks will be unaware of any Motion to Quash. Thus, irrespective of the instant Motion to Quash, materials will be sent to Mc Clurg in contravention of law. A nice payoff to rule violation which McClurg can lay-off on mistake, inadvertence or excusable neglect, irrespective of her sinister and mendacious intentions.)

Thus, debtor is objecting to each and every one of the subpoenas issued and seeking their complete quashing in their entirety; **with prejudice**.

16-33185 /18-ap-3022      Motion to Quash Subpoena – pg. 3

## b. Law of Subpoenas Has Been Violated !!!!

Comes now Peter Szanto, the debtor requesting relief in this Court pursuant to Federal Rule of Bankruptcy Procedure 9016 and Federal Rule of Civil Procedure 45 (FRCP 45) such that this Court will immediately ORDER the quashing of the Subpoena which has been issued to Capitol One Bank in regard of debtor / petitioner herein [EXHIBIT A].

Previously, this Court has denied debtor's subpoena quashing motions on the theory that debtor must be transparent and all information must be supplied – **EVEN IF DUE PROCESS, NECESSARY NOTICE and ALL RIGHTS TO PRIVACY – CONSTITUTIONALLY GUARANTEED --- ARE TRAMPLED, MADE MEANINGLESS AND ERADICATED IN THE COURSE OF THIS ACTION !!!**

However, this Court's theory is at variance with all of the foundational principles of the *U.S. Constitution* which mandate adequate notice and an opportunity to be heard at a meaningful hearing before rights are impaired. *Mullane v. Central Hanover Bank* (1950) 339 US 306. In this Court, a multitude of times debtor's rights have been impaired, made meaningless and liquidated without notice and without any opportunity by debtor to be heard at any meaningful time. There is no basis for this same paradigm of blatant unfairness to be applied to subpoenas which have been issued by the trustee in crass defiance and intentional violation of FRCP 45.

16- 33185 /18-ap-3022     Motion to Quash Subpoena   – pg. 4

In the present motion, the issues which are brought to this Court center around lack of **ALL** notice to debtor regarding subpoenas for which there is no evidence that they were ever served on the persons, entities and parties which are the subject of subpoenas in the instant action (due process violations).

Here, debtor concerns himself with the specific issue of a subpoena directed to Capitol One Bank [EXHIBIT A].

However, expeditiously, debtor will make further and additional motions as to the U.S. Trustee **intentionally disregarding the duties of the trustee by failing to serve debtor with other subpoenas which sought information about debtor and his family which were, likewise, never served!**

### 3. FACTS and MEMORANDUM

On September 17, 2018, debtor received [EXHIBIT A]: a subpoena directed to **CAPITOL ONE BANK.**

**That subpoena is accompanied by only a blank proof of service!!**

As shown on [EXHIBIT A-3], the proof of service is blank. The rule which is clearly stated in FRCP 45(a)(4) is:

> "*Notice to Other Parties Before Service.* If the subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, then before it is served on the person to whom it is directed, a notice and a copy of the subpoena must be served on each party."

As evidenced by [EXHIBIT A-3], there is no indication that the subpoena was ever served on anyone!! Therefore, as matters of both fact and law, Ms Mc Clurg, the issuer of the subpoena, <u>**intentionally and clearly violated the law that is FRCP 45 by failing to serve said subpoena on debtor**</u> (who is, most definitely, a party to this action). The trustee neither abided nor respected the FRCP 45 law that the <u>**subpoena "must be served on each party."**</u>

Service of a subpoena is the act which brings a non-party within the jurisdiction of a court. *Monteiro v. San Nicolas* (1958) 254 F.2d 514. Here there is absolutely no evidence of any such service on Capitol One Bank. Thus, there is no valid service which has been demonstrated to be effected upon Capitol One Bank so as to command Capitol One Bank to do anything. And so, there is, as yet no valid jurisdiction by this Court over Capitol One Bank.

Similarly, the blank proof of service very clearly demonstrates, also, that no service on the entity indicated on [EXHIBIT A-2] ever occurred. <u>**This obvious and wholly intentional failure to act in conformance**</u> with

16- 33185 /18-ap-3022    Motion to Quash Subpoena  – pg. 6

the FRCP 45 statute is in complete and direct defiance of the last part of FRCP 45(a)(4) which mandates that "a notice and a copy of the subpoena must be served on each party."

<u>Here the party who was not served with subpoena as required by law is debtor Peter Szanto. Failed service is also evidenced by the fact that the entity identified on the subpoena was not served either!</u>

The evidence is absolutely clear in this instance that Ms Mc Clurg, the U.S. trustee, purposefully violated the FRCP 45 law by failing to cause service of [EXHIBIT A] subpoena as mandated by law.

It is true that Ms Mc Clurg has complete and absolute governmental immunity from all of her violations of law – and failure to follow the rules is not a matter for which she is ever accountable. Nonetheless the subpoena fails to be valid so long as adequate service is lacking.

### a. U.S. Trustee's Purposeful Violations of Law are Now Absolutely Clear

After discovering that there had not been service as required by law, debtor attempted to contact Ms Mc Clurg, but Ms Mc Clurg returned none of debtor's requests for conferral.

16- 33185 /18-ap-3022  Motion to Quash Subpoena  – pg. 7

Ms McClurg's failure to communicate as to this issue is tacit admission that the failed service was intentional and undertaken for purposes of deceit upon the debtor and this Court.

### b. Fundamental Harm and Burden to Debtor

"[S]ervice of process is the vehicle through which a court can properly exercise its adjudicatory power over an individual or entity in a particular case." *Cruisephone, Inc. v. Cruise Ships Catering & Servs., N.V. (In re Cruisephone, Inc.)*, (2002) 278 B.R. 325, 332. Presently, this Court is deprived of its right to exercise judicial power over Capitol One Bank, because the requisite service on debtor Szanto has likewise not occurred so as to make service on Capitol One Bank valid.

The harm and injury to debtor Szanto are the continuation and compounding of trustee McClurg's improper clandestine efforts to secure information about Szanto through methods which are not disclosed and about which Szanto is not provided any notice whatsoever!!!

### c. Grounds to Quash Subpoena

Now that the errors of law and procedure have been identified, this Court's power and jurisdiction to quash the attached subpoena derive from FRCP 45(d)(3) (**remembering that debtor Szanto is a party herein**):

*"Quashing or Modifying a Subpoena.*

(A) When Required. On timely[1] motion, the court for the district where compliance is required must quash or modify a subpoena that: . . . . . <u>OR</u>

(iv) subjects a person to undue burden."

Here, the impossible, very terrible and undue burden to which debtor Szanto is being intentionally subjected are the trustee's improper attempts to acquire personal and private information about debtor Szanto with neither **<u>adequate notice</u>** nor **<u>due process of law</u>**. This has happened – not just in the present circumstance, but also in many previous instances -- wherein Szanto has received neither sufficient nor adequate notice and where the process due of actual service was wholly and completely disregarded.

THE UNDUE BURDEN IS THE FACT SZANTO'S RIGHTS OF NOTICE AND DUE PROCESS OF LAW HAVE BEEN DISREGARDED AND MADE TOTALLY MEANINGLESS.

LIKEWISE SZANTO HAS BEEN BURDENED BY THE TRUSTEE'S IMPROPER ACTIONS WHOSE VERY CLEAR INTENTIONS ARE NEITHER EQUANIMITY NOR JUSTICE, BUT RATHER ACQUISITION

---

*1. This application is timely because it is made prior to the 10-5-2018 date of improperly requested performance.*

16- 33185 /18-ap-3022    Motion to Quash Subpoena  – pg. 9

OF INFORMATION BY ANY MEANS, WITHOUT DUE PROCESS OF LAW!!

<u>Thereupon, FRCP 45(d)(3)'s mandatory provisions are invoked so as to require that this Court quash the [EXHIBIT A] subpoena, with prejudice.</u>

### 4. Declaration of Peter Szanto

a. My name is Peter Szanto, I am over 21 years of age.

b. I am the debtor in Chapter 7 Bankruptcy case 16-33185 in the the District of Oregon.

c. This is my truthful declaration in support of quashing the subpoena which is [EXHIBIT A].

d. There is no proof of service that I have been served with the subpoena which is [EXHIBIT A].

e. There is no proof of service that Capitol One Bank has been served with the subpoena which is [EXHIBIT A].

16- 33185 /18-ap-3022        Motion to Quash Subpoena  – pg. 10

f.  I contacted Ms Mc Clurg about the failure to serve the subpoena.

g.  Ms Mc Clurg did not return my calls.

h.  It is an improper and unfair burden on me to be deprived of the necessity of service to Capitol One Bank that is required by law.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Signed at Los Angeles California.

22 September 2018 _____ Peter Szanto

### 5. Conclusion

For the reasons elaborated herein, there is ample good cause for the mandatory quashing of the defective subpoena [EXHIBIT A]; which is defective because of lack of notice and lack of service which create undue burdens on debtor Szanto's essential and fundamental rights in this action.

16- 33185 /18-ap-3022         Motion to Quash Subpoena  – pg. 11

If however, this Court in unconvinced, Szanto would pray opportunity for further briefing and oral argument at an evidentiary hearing.

Respectfully,

Dated 9/22/18 _____ Peter Szanto

## PROOF OF SERVICE

My name is Maquisha Reynolds, I am over 21 years of age and not a party to the within action. My business address is PO Box 14894, Irvine CA 92623. On the date indicated below, I personally served the within:

Motion upon:

> Office of the US Trustee
> 620 SW Main St. # 213
> Portland OR 97205

by mailing copies to the above parties *via* 1st class mail, postage prepaid, or by e-mail.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Signed at Irvine CA.

Dated 9-22-2018  /s/ _____ Maquisha Reynolds

16- 33185 /18-ap-3022        Motion to Quash Subpoena  – pg. 12



U.S. Department of Justice

Office of the United States Trustee

District of Oregon

620 SW Main St., Rm 213  
Portland, Oregon 97205

Main (503) 326-4000  
Fax  (503) 326-7658

Email: carla.mcclurg@usdoj.gov

Direct Dial: (503) 326-7659

September 12, 2018

Capital One Bank (USA), N.A.  
c/o Corporation Service Company  
1127 Broadway St. NE, STE 310  
Salem, OR 97301

Re: *United States Trustee v. Szanto*, Dist. Or. Adversary No. 18-3022-pcm  
Subpoena for production of documents

Dear Sir/Madam,

Attached please find a subpoena issued in connection with the the above-referenced Adversary Proceeding requiring the production of documents by **October 5, 2018**.

This subpoena requests credit card records pertaining to Peter Szanto, aka Peter Szantos (please call for SSN) whose last known addresses are: 11 Shore Pine Dr., Newport Beach, CA 92657; PO Box 14894, Irvine, CA 92623; and P.O. Box 4614, Portland, OR 97208.

**Please make production by Federal Express or other overnight delivery service to the Office of the United States Trustee, 620 SW Main Street, Suite 213, Portland, OR 97205.**

In addition, we respectfully request that you include a business records declaration. Attached is a declaration for your custodian of record's signature. If you anticipate a problem meeting the compliance date or have any questions about the scope of the subpoena, please contact me at the phone number noted above. Thank you for your assistance in this matter.

Very truly yours,

GREGORY M. GARVIN  
Acting United States Trustee for Region 18

*/s/ Carla Gowen McClurg*

CARLA GOWEN McCLURG  
Trial Attorney

cc: Peter Szanto, Debtor

Enclosures: Subpoena; Declaration of Custodian of Records

A-1

Case 18-03022-pcm    Doc 73    Filed 09/24/18

# UNITED STATES BANKRUPTCY COURT

District of __Oregon__

In re __Peter Szanto__
        Debtor

Case No. __16-33185-pcm7__

*(Complete if issued in an adversary proceeding)*

Chapter __7__

__United States Trustee__
        Plaintiff

Adv. Proc. No. __18-3022-pcm__

v.

__Peter Szanto__
        Defendant

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: __Capital One Bank (USA), N.A.__
*(Name of person to whom the subpoena is directed)*

☒ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: All documents described on the attached Exhibit A

| PLACE | DATE AND TIME |
|---|---|
| Office of the U.S. Trustee, 620 SW Main St., RM 213. Portland, OR 97205 | 10/05/18    5:00 pm |

**SEE COVER LETTER**

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: __09/12/18__

A-2

CLERK OF COURT

OR _/s/ Carla Gowen McClurg_

*Signature of Clerk or Deputy Clerk*      *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* __United States Trustee__, who issues or requests this subpoena, are: Carla Gowen McClurg, OSB #165144
Office of the U.S. Trustee, 620 SW Main St, Rm 213, Portland, OR 97205    carla.mcclurg@usdoj.gov  (503) 326-7659

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____ .

☒ I served the subpoena by delivering a copy to the named person as follows: _____
_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

A-3

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
   (i) is a party or a party's officer; or
   (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
   (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
   (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
   (i) fails to allow a reasonable time to comply;
   (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
   (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
   (iv) subjects a person to undue burden.
(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
   (i) disclosing a trade secret or other confidential research, development, or commercial information; or
   (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
   (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
   (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
   (i) expressly make the claim; and
   (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

...

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

*In re Peter Szanto*, Dist. Or. Bankruptcy Case No. 16-33185-pcm11

Exhibit A to Subpoena dated September 12, 2018

Issued to Capital One Bank (USA), N.A

Unless otherwise specified, these requests are limited to materials created and/or modified at any time between January 1, 2016 and the date of your response. This request pertains to all accounts held in the name of Peter Szanto, aka Peter Szantos. If there are no documents in your possession, custody, or control that are responsive to a request for production, please state that fact in your response. Please produce no later than October 5, 2018 the following documents whether in paper or electronic form:

1. Credit card statements for all accounts held in the name of the above-named individual.

2. Documentation of all payments made on all credit card accounts described above, including without limitation cancelled checks, ACH authorizations, transfer authorizations, and electronic debits.

3. All records concerning communications, including without limitation log notes and email, between Capital One Bank (USA), N.A. and the above-named individual or anyone acting on his behalf.

4. All documentation pertaining to the opening of all accounts described above, including dates that precede January 1, 2016; such documents covered by this request include but are not limited to credit applications in electronic and written forms.

5. All documentation pertaining to the closing of any accounts described above, including without limitation written communications.



A-5




```
ORIGIN ID:DTHA    (949) 887-2369      SHIP DATE: 22SEP18
SZANTO                                 ACTWGT: 0.50 LB
SZANTO                                 CAD: 112243018/INET4040
P.O.BOX 14894
IRVINE, CA 92623                       BILL SENDER
UNITED STATES US

TO  CLERK-DIST OREGON
    US BANKRUPTCY COURT PORTLAND
    1001 SW 5TH AVE #700
    ROOM 700 @ 1001 SW 5TH AV
    PORTLAND OR 97204
  (949) 887-2369           REF:
  INV:
  PO:                      DEPT:
```



FedEx Express

```
FedEx                      MON – 24 SEP AA
TRK# 7732 9964 6313        STANDARD OVERNIGHT
0201

XH MRIA                    97204
                           OR-US  PDX
```






W2629812 09/22 552J1/F78C/DCA5

SCREENED

6  C  6313
15:00  09.24

537

CLERK U.S. BANKRUPTCY COURT




Case 18-03022-pcm    Doc 73    Filed 09/24/18