Jonas V. Anderson, VA SB #78240
Acting Assistant United States Trustee
Carla Gowen McClurg, OSB #165144
Trial Attorney
U.S. Department of Justice
Office of the United States Trustee
620 SW Main Street, Suite 213
Portland, OR 97205
Tel: (503) 326-7659
Email: carla.mcclurg@usdoj.gov

Attorneys for Gregory M. Garvin,
Acting United States Trustee for Region 18, Plaintiff

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF OREGON

| | |
|---|---|
| In re<br><br>Peter Szanto,<br><br>Debtor. | Case No. 16-33185-pcm7 |
| United States Trustee,<br><br>Plaintiff,<br><br>  v.<br><br>Peter Szanto,<br><br>Defendant. | Adversary No. 18-03022-pcm<br><br>**UNITED STATES TRUSTEE'S OBJECTION TO DEFENDANT'S MOTIONS TO QUASH SUBPOENAS** |

### UNITED STATES TRUSTEE'S OBJECTION

The Acting United States Trustee for Region 18, Gregory M. Garvin (the "United States Trustee"), the plaintiff in the above-referenced adversary proceeding, objects to Defendant's motions to quash subpoenas filed on September 24, 2018 on which the Court has not yet ruled[1] titled as follows:

---

[1] The United States Trustee does not address the motions to quash subpoenas (ECF Nos. 74, 75, 76, 77, 81, 83, 84, and 85), which were denied by this Court pursuant to orders entered on September 25 and 26, 2018 (ECF Nos. 88-95)

Page 1 – UNITED STATES TRUSTEE'S OBJECTION TO DEFENDANT'S MOTIONS TO QUASH SUBPOENAS

- Motion to Quash Subpoena to American Express Co. and Request for Hearing, ECF No. 71;
- Motion to Quash Subpoena to Bank of America and Request for Hearing, ECF No. 72;
- Motion to Quash Subpoena to Capital One Bank and Request for Hearing, ECF No. 73;
- Motion to Quash Subpoena to E*Trade Securities and Request for Hearing, ECF No. 78;
- Motion to Quash Subpoena to First Republic Bank and Request for Hearing, ECF No. 79;
- Motion to Quash Subpoena to Ford Motor Credit Co and Request for Hearing, ECF No. 80;[2]
- Motion to Quash Subpoena to JP Morgan Chase Bank and Request for Hearing, ECF No. 82;
- Motion to Quash Subpoena to Union Bank and Request for Hearing, ECF No. 86; and
- Motion to Quash Subpoena to US Bank and Request for Hearing, ECF No. 87

(collectively the "Motions to Quash").

In support of this objection, the United States Trustee relies on the documents on the Court's dockets in the above-referenced bankruptcy case and adversary proceeding, the declaration of Michael Connolly (the "Connolly Declaration"); the declaration of Carla Gowen McClurg (the "McClurg Declaration"), and the memorandum that follows.

### UNITED STATES TRUSTEE'S MEMORANDUM IN SUPPORT OF OBJECTION

### I. Summary of Argument

The Motions to Quash should be denied. Defendant's arguments are irrelevant and should be rejected. All of the United States Trustee's subpoenas challenged in the Motions to Quash seek relevant information pertaining to Defendant's financial holdings and transactions.

---

[2] As set forth in the Connolly Declaration, on September 26, 2018, the United States Trustee served Defendant by email and first-class United States Mail with notice of a subpoena and a copy of the subpoena to Ford Motor Credit, LLC/Ford Interest Advantage (the "Reissued Ford Subpoena"), which was served on Ford Motor Credit, LLC/Ford Interest Advantage and Defendant on September 27, 2018. The documents requested are the same as the original subpoena issued on September 12, 2018. The document production deadline is extended. The United States Trustee added the language "Ford Interest Advantage" to the entity name after communications with Ford Motor Credit, LLC about the original subpoena.

Defendant does not raise any grounds for quashing subpoenas consistent with Rule 45(d) of the Federal Rules of Civil Procedure ("Rule").

## II. Summary of Pertinent Facts

Defendant filed a voluntary chapter 11 petition in the District of Oregon on August 16, 2016. While in chapter 11, Defendant filed Peter Szanto's Chapter 11 1st Amended Plan of Reorganization on May 8, 2017, ECF No. 102 (the "Plan").

While the case was proceeding under chapter 11, the Internal Revenue Service through its attorneys at the United States Department of Justice, Tax Division, issued subpoenas to obtain bank statements and items from various financial institutions regarding Defendant's bank and financial accounts starting in approximately July 2017. The Internal Revenue Service filed a Motion to Convert or Appoint a Trustee on September 20, 2017, ECF No. 185 (the "Motion to Convert").

The bank statements produced to the Internal Revenue Service, as included in support of the Motion to Convert, revealed various accounts held in Defendant's name post-petition not disclosed on his bankruptcy documents and significant activity and accounts not reported on his monthly operating reports.

On November 15, 2017, the United States Trustee filed the United State Trustee's Objection to Confirmation of Chapter 11 Plan, ECF No. 241. The IRS and other creditors also filed objections to the Plan. The Court held an evidentiary hearing on confirmation of the Plan and the Motion to Convert on November 29, 2017 and December 4, 2017 (the "Evidentiary Hearing"). Defendant testified under oath and participated during both days of the Evidentiary Hearing.

Before the Evidentiary Hearing was concluded, the Court entered an Order Limiting Transfer of Estate Property on November 30, 2017, ECF No. 272, (the "November 30 Order").

The November 30 Order provided, among other things, that Defendant and all entities Defendant directly or indirectly owned, controlled, or used to conduct business "shall not transfer or cause the transfer of any property of the estate, including without limitation all funds held in bank, investment, or other financial accounts, to any other persons or entities or between such accounts" with certain exceptions. The exceptions were limited to (a) the transfer of funds from Szanto's account(s) at HSBC Bank to Union Bank account number ending 2572 to the extent necessary to keep the HSBC Bank account within FDIC insurance limits, and (b) the continued trade of shares in E*Trade to the extent necessary to fulfill Szanto's fiduciary obligations consistent with 11 U.S.C. §§ 345(a) and 1107(a). The November 30 Order provided that Defendant "shall not expend or deplete funds or assets except for the payment or ordinary and necessary living expenses of the debtor."

Defendant violated the November 30 Order by transferring substantial funds out of E*Trade and HSBC accounts, some into foreign bank accounts in his name, between December 1, 2017 and December 7, 2017. The court entered an order Converting Chapter 11 Case to Case under Chapter 7 (the "Conversion Order") on December 5, 2017. The Conversion Order prohibited Defendant from using property of the bankruptcy estate, including funds held in accounts in his name and related entities. Much of the funds transferred by Defendant were transferred after entry of the Conversion Order. Defendant thereafter failed to cooperate in providing the chapter 7 trustee with records relating to property of the bankruptcy estate and failed to cooperate to recover estate funds that Defendant transferred into foreign accounts in violation of the Court's orders.

The United States Trustee filed a Complaint for Denial of Discharge on March 5, 2018, ECF No. 1 (the "Complaint"). The Complaint alleged eleven claims for relief against Defendant to support denial of Defendant's discharge pursuant to 11 U.S.C. § 727(a) based upon Defendant's conduct pre-petition, during this bankruptcy case while in chapter 11, and after conversion to chapter 7, including:

- Defendant's pre-petition concealment, transfer, and/or removal of assets;

- Defendant's post-petition concealment, transfer and/or removal of assets;

- Defendant's false statements in bankruptcy documents signed under penalty of perjury;

- Defendant's false statements in monthly operating reports signed under penalty of perjury;

- Defendant's numerous false statements under oath when he testified at various proceedings while the case was in chapter 11;

- Defendant's concealment, destruction, and/or failure to keep and preserve recorded information from which his business transactions might be ascertained;

- Defendant's submission of a false claim on behalf of his wife after conversion of the case to chapter 7;

- Defendant's withholding of recorded information from the chapter 7 trustee; and

- Defendant's refusal to obey lawful orders of this Court.

In response to the Complaint, Defendant filed motions for extension of time and other motions regarding the Complaint. Ultimately, the Court ordered Defendant to file an answer to the Complaint no later than June 26, 2018.

On June 26, 2018, Defendant filed a document captioned: "1) Statement of Unwillingness to Consent to Entry of Final Orders, 2) Demand for Jury Trial, 3) Affirmative Defenses, 4) Admissions, 4) [sic] General and Specific Denials, 5) Answer, 6) Counterclaim, 7) Joinder of Counterclaim," ECF No. 32 (the "Original Response"). On July 9, 2018, the Court entered an order regarding the Original Response, ECF No. 41, in which the Court ordered that all allegations contained in paragraphs 1 through 169 of the Complaint that were not specifically

addressed by paragraph number in the Original Response were deemed admitted and that Defendant's attempt to join parties through the Original Response was ineffective.

On July 26, 2018, Defendant filed a document captioned: "Debtor/Defendant's First Amended 1) Statement of Unwillingness to Consent to Entry of Final Orders, 2) Demand for Jury Trial, 3) Affirmative Defenses, 4) Admissions, 4) [sic] General and Specific Denials, 5) Answer, 6) Counterclaim" (the "Amended Response").

Despite the Court's entry of an Order re Application of FRCP 26 on April 17, 2018 allowing discovery to proceed, the United States Trustee elected to wait until after the filing of the Amended Response in order to learn the facts that Defendant would admit to try to save time and resources in obtaining discovery on admitted facts. While the Amended Response addressed the paragraphs of the Complaint, it did not clearly admit or deny many of the allegations set forth in the Complaint.

On September 12, 2018, the United States Trustee prepared subpoenas to banks and financial institutions in order to obtain account information regarding bank and credit card accounts believed to be held and/or used by Defendant leading up to and/or during his bankruptcy case (collectively the "Subpoenas"). The United States Trustee served on Defendant a Notices of Subpoena with each of the Subpoenas attached on September 12, 2018 by email and by first-class United States Mail. On September 13, 2018, the United States Trustee served the Subpoenas on each of the banks and financial institutions with copies to Defendant and joint account holders (to the extent the United States Trustee was aware of a joint account holder).

Defendant filed the Motions to Quash on September 24, 2018. Based on the proofs of service attached to the Motions to Quash, it is not clear whether Defendant served the Motions to Quash on the banks or financial institutions that are subject to the Subpoenas. Despite

Defendant's arguments about lack of service upon Defendant, he admits to receiving several copies of the Subpoenas from the United States Trustee.[3]

### III. Legal Analysis

In the Motions to Quash, Defendant argues that because the proof of service forms attached to the Subpoenas was blank, the United States Trustee did not serve the Subpoenas on the banks and financial institutions named on the Subpoenas or on Defendant. Defendant cites to Rule 45(d) in support of his argument that the Subpoenas should be quashed.

Rule 45 applies to this adversary proceeding pursuant to Rule 9016 of the Federal Rules of Bankruptcy Procedure. Rule 45 requires a court to quash or modify a subpoena that:

| | |
|---|---|
| (i) | Fails to allow a reasonable time to comply; |
| (ii) | Requires a person to comply beyond the geographical limits specified in Rule 45(c); |
| (iii) | Requires disclosure of privileged or other protected matter, if no exception or waiver applies; or |
| (iv) | Subjects a person to undue burden. |

Fed. R. Civ. P. 45(d)(3)(A). Rule 45(d)(3)(B) permits a court to quash or modify a subpoena in other limited circumstances.

Defendant argues that the Subpoenas were not properly served by the United States Trustee on the banks and financial institutions subject to the Subpoenas and that Defendant was not served with the Subpoenas. Defendant's arguments are factually and legally incorrect.

First, failure to properly serve the person or entity subject to a subpoena or the party with notice of the subpoena does not constitute grounds to quash a subpoena under Rule 45(d). Second, as set forth in the Connolly Declaration and the McClurg Declaration, the United States Trustee served notice of the Subpoenas on Defendant before they were served on the banks and

---
[3] As set forth in the Connolly Declaration and the McClurg Declaration, Defendant was served with notice of the Subpoenas before they were issued and thereafter received copies of the Subpoenas and related documents that were served on the banks and financial institutions subject to the Subpoenas.

**Page 7 – UNITED STATES TRUSTEE'S OBJECTION TO DEFENDANT'S MOTIONS TO QUASH SUBPOENAS**

financial institutions. Third, Defendant admits he received notice of the Subpoenas, which prompted him to file the Motions to Quash.

Defendant argues that the Subpoenas should be quashed because the proof of service forms attached to the Subpoenas are blank. Defendant's arguments on this point are irrelevant. The proof of service forms were included in the package with the Subpoenas because they are part of the official form. As noted above, Defendant was served with notices of the Subpoenas and copies of the Subpoenas that were served on the banks and financial institutions.

Defendant does not articulate any grounds for quashing the Subpoenas under Rule 45(d)(3). The movant seeking to quash or modify a subpoena bears the burden to obtain the desired remedy. 9 *Moore's Federal Practice – Civil* § 45.50[3]. The Motions to Quash appear to be a continuation of Defendant's efforts to obstruct access to financial information and records that will reveal the true nature and extent of Defendant's financial holdings and transactions, which are highly relevant to the United States Trustee's claims regarding Defendant's numerous false statements and violations of court orders.

## IV. Conclusion

The Motions to Quash should be denied. Notice and service of the Subpoenas occurred consistent with Rule 45. Defendant's clearly received notice of the Subpoenas and has had an opportunity to object to them. The information and documents sought through the Subpoenas are highly relevant to the United States Trustee's claims.

DATED this 1st day of October, 2018.

    Respectfully submitted,
    GREGORY M. GARVIN
    Acting United States Trustee for Region 18

    /s/ Carla Gowen McClurg
    Carla Gowen McClurg, OSB #165144
    Trial Attorney

Page 8 – UNITED STATES TRUSTEE'S OBJECTION TO DEFENDANT'S MOTIONS TO QUASH SUBPOENAS

Case 18-03022-pcm    Doc 104    Filed 10/01/18

# CERTIFICATE OF SERVICE

I hereby certify that on October 1, 2018, I served a copy of the foregoing **UNIITED STATES TRUSTEE'S OBJECTION TO DEFENDANT'S MOTIONS TO QUASH SUBPOENAS** by mailing a copy of this document, by United States first class mail, postage prepaid, addressed to the following:

Peter Szanto
11 Shore Pine
Newport Beach, CA 92657

I further certified that I emailed a copy of the foregoing document to the defendant on October 1, 2018 at the following email address: szanto.pete@gmail.com.

GREGORY M. GARVIN
Acting United States Trustee for Region 18

/s/ Carla Gowen McClurg
CARLA GOWEN McCLURG, OSB #165144
Trial Attorney