Peter Szanto  949-887-2369
11 Shore Pine
Newport Beach CA 92657

BANKRUPTCY COURT
DISTRICT OF OREGON
2018 OCT -1 PM 2:59
LODGED____ REC'D____
PAID____ DOCKETED____

# U.S. BANKRUPTCY COURT
## IN AND FOR THE DISTRICT OF OREGON

18-ap-3022

**Adv. Proc. No. 18-03022-pcm**

In Re: Peter Szanto, Debtor

---

U S Trustee, Plaintiff

V.

Peter Szanto, Defendant

**Core Case No. 16-33185-pcm7**

**Notice of Motions and:**

**1. Motion for Sanctions for Discovery Abuse**

**2. Motion to Restrain Currently Pending Subpoenas**

**3. Motion to Recall Currently Issued Subpoenas**

**HEARING REQUESTED**

16-33185 / 18-3022        MOTION 9-24-2018- PAGE 1

## 1. Plaintiff's Certification Relating to Pre-filing Conferral (Certification Pursuant to LBR 7007-1 (a))

Ms McClurg sent debtor a prospective letter to the effect -- that for all time -- irregardless of whatever relief debtor requests, she will oppose it!!! Nonetheless, on 9-17-18, debtor phoned Ms McClurg seeking to discuss the instant application for relief.

As of the signing of the instant paper, debtor has received no communication from Ms McClurg regarding the instant application.

Therefore, pursuant to rule **LBR 7007-1 (a)**, debtor has sought conferral so as to resolve the situation, but has been unsuccessful in that regard.

I certify under penalty of perjury under the laws of the United States, that foregoing is true and correct. Signed at Irvine CA.

DATED 9/24/2018  /s/ _____ Peter Szanto

## 2. Notice

To the Court and the U.S. Trustee, please take notice, comes now debtor seeking relief such that the Court: 1) award sanctions for discovery abuse, 2) restrain plaintiff's currently pending subpoenas, 3) recall plaintiff's currently issued subpoenas.

16-33185 / 18-3022          MOTION 9-24-2018- PAGE 2

## 3. Facts

<u>The outcome of this case is known to an absolute certainty!</u>

**<u>The U.S. Trustee will prevail and debtor will be denied a discharge.</u>**

The certainty of this outcome derives from a multitude of factors:

a) This case has already been decided by this Court in favor of plaintiff in November 2017; there is no reason the plaintiff should not get the same result the at the 2nd trial.

b) Debtor's demeanor (the demeanor of an old man), a **crucial factor** at the previous trial, has not changed. For certain, debtor's demeanor will be held against him at the 2nd trial.

c) When debtor sought discovery and document production, <u>**each and every one**</u> of his requests was stonewalled – and plaintiff provided **absolutely no material** in response to anything of any type.

d) issues of debtor's credibility were decided on the basis of self-serving testimony of plaintiff's counsels who have absolute immunity to give personal testimony without fear or

16-33185 / 18-3022     MOTION 9-24-2018- PAGE 3

consequence; plaintiff's counsels' personal testimony will likely be very - very – very intense at the 2nd trial.

Irrespective of the fact that this case is a slam-dunk for plaintiff, she has issued 67 subpoenas seeking financial and banking information from entities with whom debtor has had financial dealings.

Plaintiff's purpose is to ascertain whether or not debtor has acquired post-petition income. That is, the expropriation of debtors' pre-petition $1.3 million dollars was so successful and so complete, that plaintiff now seeks **to-go-after debtor's post-petition earnings**.

This she cannot do because, pursuant to 11 USC § 1115, post-conversion debtor earnings received for services rendered by the debtor, including salary or wages are not part of the bankruptcy estate.

Thus, the entire of plaintiff's effort to obtain post-petition, post-conversion information *via* subpoenas is *ultra vires* and improper and must be quashed, vacated and recalled.

16-33185 / 18-3022     MOTION 9-24-2018- PAGE 4

### 4. Memorandum Regarding Discovery Abuse.

#### a. Law Sustaining Sanctions for Abuse

FRCP 26(b) defines what may be sought through discovery and states in pertinent part:

> "Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is **relevant to any party's claim** or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."

In this case, matters post-petition and post-conversion simply cannot be relevant to plaintiff's denial of discharge application, because all of the $1.3 million dollars which debtor had pre-petition and pre-conversion has been seized and expropriated from debtor and is now under the control of the Chapter 7 Trustee.

Thus, any money that debtor has with the financial institutions whose records have been subpoenaed at the present time is wholly and completely money acquired post-petition / post conversion through

16-33185 / 18-3022     MOTION 9-24-2018- PAGE 5

earnings and other income. Thus, those moneys are exempted from debtor's Bankruptcy estate – and are not relevant to discovery.

On this basis, the discovery sought is abusive of the FRCP 26 rule, because the post-petition materials sought cannot be relevant, because debtor's current financial assets are all now post-petition / post-conversion assets.

"Since the touchstone of any discovery motion is relevance, the primary issue for decision is whether the documents and information sought relate to any of the legal or factual issues in dispute." *Pierson v. U.S.* (1977) 428 F.Supp. 384, 387. Here, there can be no relevance, because money currently belonging to debtor are merely those monies he has earned post-petition / post-conversion.

Thereupon, debtor prays that this Court proceed by issuing sanctions to the extent of ordering restraint of the subpoenas which have been issued and ORDERING their recall.

16-33185 / 18-3022          MOTION 9-24-2018- PAGE 6

## 5. Declaration of Peter Szanto

1. My name is Peter Szanto, I am the defendant herein.

2. This is my truthful declaration as to the issue of abusive discovery by the plaintiff.

3. At the time of conversion, the Chapter 7 Trustee expropriated $1.3 million belonging to my Bankruptcy estate.

4. The Chapter 7 Trustee got all my pre-petition / pre-conversion non-exempt money.

5. I was thereafter left destitute.

6. Several times, while looking for income producing opportunities, I had meals at charity facilities. (I did not mooch the food I ate, but immediately repaid my benefactors by doing dishes, cleaning pots and mopping floors.)

7. I have since that time (10 months since expropriation of my $1.3 million), earned a small amount of money and deposited it at financial institutions whose records are sought.

8. I am terrified that the currently issued subpoenas are focused

16-33185 / 18-3022         MOTION 9-24-2018- PAGE 7

entirely on efforts to expropriate my post-petition / post conversion income.

9. My experience with destitution was horrific, and I do not wish to relive that nightmare!!!!

10. Thereupon, I am asking the Court to protect my post-petition / post conversion assets by ordering recall and restraint of the subpoenas that plaintiff has issued.

11. I declare under penalty of perjury that the foregoing is true and correct.

12. Signed at Irvine, California.

DATED 9-24-2018   /s/_____Peter Szanto

## 6. Conclusion

The rule is very clear that discovery need be relevant. Here, post-petition / post conversion materials are sought which are not relevant to the plaintiff winning this case – which after all, is a forgone certainty.

DATED 9-24-2018   /s/_____Peter Szanto

16-33185 / 18-3022          MOTION 9-24-2018- PAGE 8

## Proof of Service

My name is Maquisha Reynolds, I am over 18 years of age and not a party to this action. My business address is PO Box 14894, Irvine CA 92623.

On the date indicated below, I e-mailed the within **Motion** to:

U.S Trustee, Carla Gowen McClurg at

Carla.McClurg@usdoj.gov

I declare under oath that the foregoing is true and correct.

Signed at Irvine CA

/s/ Maquisha Reynolds   9-24-2018

16-33185 / 18-3022     MOTION 9-24-2018- PAGE 9