

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF OREGON**

**PETER C. McKITTRICK**
BANKRUPTCY JUDGE

1001 S.W. FIFTH AVENUE, # 700
PORTLAND, OREGON 97204
(503) 326-1536

M. CAROLINE CANTRELL
LAW CLERK

BETHANY COLEMAN-FIRE
LAW CLERK

TONIA McCOMBS
LAW CLERK

October 11, 2018

Peter Szanto
11 Shore Pine
Newport Beach, CA 92657

Carla Gowen McClurg  (via ECF)
Office of the United States Trustee
620 SW Main Street, Room 213
Portland, OR 97205

Re: <u>US Trustee v. Peter Szanto</u>, Adv. No. 18-3022-pcm

Dear Mr. Szanto and Ms. McClurg:

The purpose of this letter is to rule on the motion to dismiss filed by the United States Trustee (the UST) in the above referenced adversary proceeding. For the reasons set forth below, I will enter an order granting the UST's motion to dismiss. I will also address defendant Peter Szanto's (Debtor's) demand for a jury trial and statement, in his amended answer, that he does not consent to entry of final judgment by this Court.

## Background[1]

The Court converted Debtor's main bankruptcy case, case number 16-33185-pcm7, from chapter 11 to chapter 7 in early December of 2017. In March of 2018, the UST filed a Complaint for Denial of Discharge (the Complaint) against Debtor, thus initiating this adversary proceeding. The UST alleges in the Complaint that Debtor should be denied a discharge under various provisions of § 727(a).[2] Debtor asserts two counterclaims against the UST in his amended answer. Doc. 53.

---

[1] The following background facts are taken from the records and proceedings held to date in this adversary proceeding.

[2] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1330.

Debtor's first counterclaim against the UST is identified as a claim for Failure to Supervise/Negligent Supervision. Debtor alleges that the UST has a duty to supervise debtors in bankruptcy and, rather than fulfill that duty, the UST "lay in wait, in anticipation . . . that some misdeed might occur." Amended Answer, p. 73. Debtor alleges that the UST violated its duty by failing to catch certain errors in reports he filed during his chapter 11 case, thereby intentionally allowing the situation "to get 'out-of-control." Amended Answer, p. 75. Debtor requests dismissal of the § 727 complaint and seeks damages in an unspecified amount.

Debtor's second counterclaim is identified as a claim for Spoilation/Manipulation of Evidence and Fraudulent Use of a Credit Card. Debtor alleges that the UST conspired with two other people to make it appear that he used a credit card to pay for certain deposition services during his chapter 11 case, improperly used evidence of those charges in connection with the hearing on conversion of his case to chapter 7, and destroyed evidence of Debtor's alleged cash credits, which Debtor maintains were the true source of payment for the deposition expenses. Debtor requests damages in an unspecified amount.

Debtor's amended answer also includes a demand for a jury trial and a statement that he "**does not** consent to entry of final orders by the bankruptcy court and demands further proceedings by the District Court!!" Amended Answer, p. 3 (Emphasis in original).

After Debtor filed his amended answer, The UST first moved to dismiss the counterclaims on August 15, 2018. Doc. 60. The UST argued that both counterclaims should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) because Debtor failed to plead facts demonstrating he is entitled to relief under any recognized legal theory.

On August 27, 2018, the UST filed a First Amended Motion to Dismiss (the Amended Motion to Dismiss), Doc. 64, raising, for the first time, the argument that Debtor's counterclaims should be dismissed on the basis of sovereign immunity.

Debtor thereafter filed a document captioned Debtor/Defendant's Response to Motion to Dismiss (and Improperly Filed 1st Amended Motion to Dismiss)(the Response). Doc. 65. Debtor stated in the Response his belief that I should "disregard" the Amended Motion to Dismiss because it was procedurally improper and untimely. On August 30, 2018, I entered an order rejecting Debtor's position and giving Debtor 14 days to file a response to the Amended Motion to Dismiss. Doc. 66. Debtor did not file a response to the Amended Motion to Dismiss and has not otherwise addressed the substance of the grounds for dismissal asserted by the UST.

Debtor's counterclaims will be dismissed on the basis that the court lacks subject matter jurisdiction over those claims based on sovereign immunity.[3]

---

[3] Because I conclude that I do not have jurisdiction over the counterclaims, I will not decide whether Debtor's counterclaims should be dismissed for failure to state a claim under Fed. R. Civ. P. 12(b)(6).

Analysis

    I. <u>Amended Motion to Dismiss</u>

"'Sovereign immunity shields the United States from suit absent a consent to be sued that is unequivocally expressed.'" <u>Hunsaker v. United States</u>, 2018 U.S. App. LEXIS 24721, *4 (9th Cir. August 30, 2018)(quoting <u>United States v. Bormes</u>, 568 U.S. 6, 9-10 (2012)).

> "It is well settled that the United States is a sovereign, and, as such, is immune from suit unless it has expressly waived such immunity and consented to be sued. Such waiver cannot be implied, but must be unequivocally expressed. Where a suit has not been consented to by the United States, dismissal of the action is required . . . . [because] the existence of such consent is a prerequisite for jurisdiction." <u>Gilbert v. Da Grossa</u>, 756 F.2d 1455, 1458 (9th Cir. 1985) (internal quotation marks and citations omitted). Unless McGuire "satisfies the burden of establishing that its action falls within an unequivocally expressed waiver of sovereign immunity by Congress, it must be dismissed." <u>Dunn & Black v. United States</u>, 492 F.3d 1084, 1088 (9th Cir. 2007).

<u>McGuire v. United States</u>, 550 F.3d 903, 910 (9th Cir. 2008). See also <u>Balser v. Dept. of Justice, Office of U.S. Trustee</u>, 327 F.3d 903, 907 (9th Cir. 2003)("A court lacks subject matter jurisdiction over a claim against the United States if it has not consented to be sued on that claim."). A statute waiving immunity must be strictly construed in favor of the sovereign. <u>Miller v. United States</u>, 66 F.3d 220, 222 (9th Cir. 1995).

The assertion of a claim against a United States Trustee is considered to be a claim against the United States for purposes of analyzing sovereign immunity. <u>Balser</u>, 327 F.3d at 907. The party asserting a claim in a federal court bears the burden of establishing the court's jurisdiction. <u>In re Mitchell</u>, 222 B.R. 877, 880 (9th Cir. BAP 1998). Debtor has not met his burden of establishing that I have jurisdiction over the counterclaims.

Debtor has not identified any statute waiving immunity in this case. "[S]ection 106 specifies the circumstances under which Congress has waived the sovereign immunity of the United States in bankruptcy proceedings" involving the federal government. 2 COLLIER ON BANKRUPTCY ¶ 106.03 (Richard Levin & Henry J Sommer eds., 16th ed.). That provision provides:

> (a) Notwithstanding an assertion of sovereign immunity, sovereign immunity is abrogated as to a governmental unit to the extent set forth in this section with respect to the following:
>
> > (1) Sections 105, 106, 107, 108, 303, 346, 362, 363, 364, 365, 366, 502, 503, 505, 506, 510, 522, 523, 524, 525, 542, 543, 544, 545, 546, 547, 548, 549, 550, 551, 552, 553, 722, 724, 726, 744, 749, 764, 901, 922, 926, 928, 929, 944, 1107, 1141, 1142, 1143, 1146, 1201, 1203, 1205, 1206, 1227, 1231, 1301, 1303, 1305, and 1327 of this title.
>
> > (2) The court may hear and determine any issue arising with respect to the

application of such sections to governmental units.

* * * * *

(b) A governmental unit that has filed a proof of claim in the case is deemed to have waived sovereign immunity with respect to a claim against such governmental unit that is property of the estate and that arose out of the same transaction or occurrence out of which the claim of such governmental unit arose.

(c) Notwithstanding any assertion of sovereign immunity by a governmental unit, there shall be offset against a claim or interest of a governmental unit any claim against such governmental unit that is property of the estate.

Immunity is not waived under subsection (a) of § 106 for at least two independent reasons. First, § 106(a) waives sovereign immunity for "a governmental unit."

The phrase "governmental unit" is defined in 11 U.S.C. § 101(27) as follows:

> "governmental unit" means United States; State; Commonwealth; District; Territory; municipality; foreign state; department, agency, or instrumentality of the United States *(but not a United States trustee while serving as a trustee in a case under this title)*, a State, a Commonwealth, a District, a Territory, a municipality, or a foreign state; or other foreign or domestic government;

*Id*. (emphasis supplied).

Thus, by its plain terms, the Bankruptcy Code does not contain an unequivocally express waiver of sovereign immunity for United States trustees. To the contrary, United States trustees expressly are excepted from the § 106(a) sovereign immunity waiver.

Balser, 327 F.3d at 908. Second, "[t]he selection of the 59 enumerated provisions expressly made applicable to governmental units [in § 106(a)] shows that Congress chose to limit the abrogation of sovereign immunity to bankruptcy causes of action." 2 COLLIER ON BANKRUPTCY ¶ 106.04[1]. Debtor's counterclaims are not "bankruptcy causes of action" under the Bankruptcy Code provisions identified in § 106(a).

Immunity is not waived under subsection (b) or (c) of § 106 for at least two independent reasons. First, both subsections waive immunity for governmental units that have filed a proof of claim. The UST has filed a $650 proof of claim in this case for unpaid chapter 11 quarterly fees. However, under Balser, the UST is not a "governmental unit."

In this circuit, the UST is not a governmental unit within the meaning of 11 U.S.C. § 101(27). Balser v. Department of Justice, Office of the United States Trustee, 327 F.3d 903, 908 (9th Cir. 2003) (United States Trustee was expressly exempted from definition of "governmental unit," and thus was not affected by Section 106(a)'s waiver of sovereign immunity for governmental units), *cert. denied*, 541 U.S. 1041, 124 S. Ct. 2159, 158 L.

Ed. 2d 729 (2004).

In re Trans Max Techs., Inc., 349 B.R. 80, 91 (Bankr. D. Nev. 2006). See also In re Sann, 546 B.R. 840, 848, n. 7 (Bankr. D. Mont. 2016)(stating that the definition of "governmental unit" set forth in Balser is binding precedent). Second,

> [u]nder section 106(b) [and, according to its terms, subsection (c)], the claim that may be asserted against the sovereign must be one that is 'property of the estate.' . . . A governmental unit that files a proof of claim, however, would not under section 106(b) waive its sovereign immunity with respect to a debtor's personal claim against it that is not property of the estate.

2 COLLIER ON BANKRUPTCY ¶ 106.05[1][b]. See also Id. at ¶ 106.06[1] ("Just as with section 106(b), section 106(c) does not override a governmental unit's sovereign immunity with respect to a personal claim of a debtor . . . that is not property of the estate."). The UST's sovereign immunity is not waived under subsections (b) or (c) of § 106 because there are only two possible scenarios. First, the counterclaims are personal claims of Debtor's and are not property of the estate. If that is true, they do not fall within the waiver of immunity provided by either subsection (b) or (c). Second, the counterclaims are property of the estate, in which case Debtor lacks standing to assert them. Only the chapter 7 trustee has standing to assert claims that belong to the bankruptcy estate.

Debtor has not met his burden of showing that this Court has subject matter jurisdiction over the counterclaims and, as a result, those claims will be dismissed.

II. Debtor's Jury Demand

I will enter an order striking Debtor's jury demand "because there is no right to a jury trial in a § 727 action." In re Brandenfels, 2015 Bankr. LEXIS 3410, *21 (9th Cir. BAP 2015). See also In re Hallahan, 936 F.2d 1496, 1505 (7th Cir. 1991)(debtor waived right to jury trial in dischargeability action by voluntarily filing bankruptcy petition); In re Schmidt, 188 B.R. 36, 37-38 (Bankr. D. Nev. 1995)(questions concerning bankruptcy discharge "involve issues with an equitable history" for which there is no entitlement to a jury trial).

III. Consent to Entry of Final Judgment

As stated above, Debtor does not consent to this court entering final judgment in this matter. I conclude that, despite Debtor's refusal to consent, I nevertheless have jurisdiction over the claims asserted by the UST in this adversary proceeding and the constitutional authority to enter final judgment on those claims.

This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 1334(b) and 157(a). An objection to discharge under § 727 is a core proceeding under 28 U.S.C. § 157(b)(2)(J). See also In re Henley, 480 B.R. 708, 765 (Bankr. S.D. Tex. 2012)(proceeding is core "if it invokes a substantive right provided by title 11 or if it is a proceeding that" could arise only in a bankruptcy case).

      A party's consent to exercise of the Court's jurisdiction is relevant only where a proceeding is outside of a bankruptcy court's constitutional authority as analyzed by the Supreme Court in <u>Stern v. Marshall</u>, 564 U.S. 462 (2011). The § 727 claims at issue in this adversary proceeding are within the Court's constitutional authority as analyzed in <u>Stern</u>, and, as a result, I will hear and enter final judgment in this matter despite Debtor's refusal to consent in the amended answer. "An objection to discharge 'stems from the bankruptcy itself,' and may constitutionally be decided by a bankruptcy judge." <u>In re Demir</u>, 500 B.R. 913, 918 (Bankr. N.D. Ill. 2013)(quoting <u>Stern</u>). <u>See also</u> <u>In re Jenkins</u>, 507 B.R. 856, 858 (W.D. N.C. 2014)(bankruptcy court has constitutional authority to enter final judgment in adversary proceeding objecting to discharge), *rev'd on other grounds*, 784 F.3d 230 (4th Cir. 2015); <u>Henley</u>, 480 B.R. at 765 (same).

Conclusion

      For the reasons stated above, I will enter an order granting the UST's Amended Motion to Dismiss. In an order entered on August 15, 2018, Doc. 62, I requested briefing from the parties concerning Debtor's jury demand and statement of non-consent to entry of final judgment. I have determined that such briefing is no longer necessary or useful. For the reasons set forth above, I will enter an order striking Debtor's jury demand. I will also, for the reasons explained, enter final judgment in this adversary proceeding despite Debtor's lack of consent as stated in his amended answer. The Court will prepare the order.

      Sincerely,

PETER C. MCKITTRICK
Bankruptcy Judge

cc:    Peter Szanto
       Carla Gowen McClurg (via ECF)