Peter Szanto 949-887-2369
11 Shore Pine
Newport Beach CA 92657

US BANKRUPTCY COURT
DISTRICT OF OREGON
2018 NOV -6 AM 10: 40
LODGED___REC'D___
PAID___DOCKETED___

# U.S. BANKRUPTCY COURT

**DISTRICT OF OREGON**

*1001 SW 5th Ave #700 Portland, OR 97204 (503) 326-1500*

In Re: Peter Szanto, Debtor

----------------------------------------

US Trustee, plaintiff

v.

SZANTO, DEFENDANT

**HEARING IS REQUESTED**

**Adversarial 18-ap-03022-pcm**

**Core Case No. 16−33185−pcm**

Debtor's Notice of Motion and Motion Pursuant to Fed. Rule of Bankruptcy Procedure 9006(b)(1) to Extend Date of Hearing of 11/13/2018

## 1. Debtor's Certification Relating to Pre-filing Conferral (Certification Pursuant to LBR 7007-1 (a))

Debtor telephoned United States Trustee, Ms McClurg on November 1, 2018. Ms. McClurg did not answer her phone. Szanto left a voice message seeking a return call about the issues herein, but since then has NOT received any return call from Ms McClurg. Therefore, no resolution of any of the matters herein has occurred.

Pursuant to LBR 7007-1(a)(1)(A): a good faith effort at resolution was made, but the parties were unable to resolve the conflict as to the issues which are the subjects of this motion.

I certify under penalty of perjury under the laws of the United States, that foregoing is true and correct. Signed at Irvine CA

DATED 11-5-2018 ______________________________Peter Szanto

## 2. FACTS

One fundamental problem in this case is the depravation of essential due process rights from plaintiff. The most important of these to the present application is the right to know that all parties will receive equal treatment pursuant to the rules. As will be explained, Ms Mc Clurg has absolute immunity from following the rules – and so was able to file a supplemental objection (Docket Entry 146), which is barred by LBR 7007-1(b)(4) EXHIBIT A

The rules are unimportant to plaintiff, but debtor must have additional time to obtain evidence to offset the plaintiff's most recent effort to mislead this Court.

When Judge McKittrick made the decision intentionally to deprive plaintiff of the electronic filing privilege, the decision he was actually making was that he would allow opponents of debtor to have free-reign with phony service, improper service and non-existent service. Since Judge McKittrick never believes anything debtor says, and hates debtor's demeanor, contra-parties know they can always fail to serve debtor with impunity and Judge McKittrick will simply believe that debtor was lying about lack of service; and

blame debtor for the failure of others to serve debtor.

This is the same with the rule against additional briefing: it is a rule enforced against debtor and his wife, BUT FOR EVERYONE ELSE IT IS JUST FINE TO FILE WHATEVER THEY PLEASE, WHENEVER THEY PLEASE WITHOU REGARD TO THE RULES.

Now, as will be described, Ms McClurg capitalizes on the actions of FEDEX to implicate debtor as the one-and-only person who could have been responsible for the failure of some documents to reach debtor.

Ultimately, the contentions are an absurdity, because mail of all sorts is often misdirected. Blaming debtor for the failure of mail to reach debtor makes the asinine conclusion that all of the many thousands of persons in FEDEX's delivery-stream never make mistakes. Further, blaming debtor for failed delivery also presupposes that the actual shipment envelope was properly sealed and labeled (two important matters which Ms McClurg does not address). And, most significantly, makes the presumption that the FEDEX allegedly sent by Ms McClurg had been prepaid. Apparently, FEDEX allows packages to be sent with charges "to be paid by the recipient." Debtor would not be surprised if the reason that the alleged package did not reach him is that the FEDEX shipping charges had intentionally not been prepaid.

To accomplish his investigation, debtor is accompanying this filing with requests for subpoenas which he will be served on FEDEX to "get to the bottom of" Ms McClurg's allegation that because FEDEX did not deliver a package, debtor must be deprived of a discharge. That is, Ms Mc Clurg will do anything to deny debtor's discharge, and that is all that the within allegations of failed FEDEX delivery are about.

### a. ***Plaintiff's Failed Response and Improper and Rule Defying Supplemental Filings***

Debtor filed four motions to compel discovery on 7-13-18 (Docket Entry 47, 48, 49, 50).

Because Ms McClurg knows that this case is a slam-dunk for her, she filed a single response to only one of those motions (Docket Entry 55). **There is no provision in the rules for responding to four motions by way of one motion, irrespective of how the response is denominated.** There is no functional equivalence of one response trumping four motions. Thus, three of the Motions to Compel pending before this Court have not been tendered any response.

The local rules are clear that all opposition to a motion must occur within 14 days (LBR 7007-1(b)(3)(A)). Ms Mc Clurg, thus only properly complied with filing just one opposition out of the four motions to compel now before this Honorable Court.

Nevertheless, because Ms McClrg has absolute immunity from all of the rules which debtor must follow, she filed, (Docket Entry 146), a supplemental objection to one of plaintiff's four motions to compel. It is unclear to which of the four motions to compel the single supplemental objection is directed.[1]

1. *Of course, since the supplemental pleading will be allowed-in, irrespective of the rules, the application of an improper filing in defiance of the rules can be accommodated to whatever Ms Mc Clurg desires.*

The supplemental objection is barred by the LBR 7007-1(b)(4) which is absolutely clear, applicable to all, and states in clear, plain English:

**"(4) Further Briefing. No further briefing is allowed."**

Even though this seems like an extremely straightforward rule, debtor knows to an absolute certainty that Judge McKittrick will certainly allow-in Ms McClurg's ridiculous allegations about FEDEX delivery from her.

Thereon, so that debtor may properly respond to the FEDEX allegations, debtor asks for an extension of the hearing date so that he may serve a subpoena on FEDEX so as to obtain truthful evidence as to Ms McClurg's allegations that debtor is responsible for failed delivery of mail to him.

## 3. Memorandum

FRBP Rule 9006(b)(1) is the rule which allows for enlargement and extension of time and provides (no local alters this rule):

**"*In general.* Except as provided in paragraphs (2) and (3) of this subdivision, when an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order."**

This application is being sent for filing on 11-5-2018, the hearing sought to be advanced is scheduled for 11-13-18. Thus the only requirement for extension is good cause.

The first good cause is that it is only because this Court allows the plaintiff to violate the rules regarding additional briefing that this issue is arising. That is, if Ms Mc Clurg did not have immunity from following the rules, the court would have immediately stricken her supplemental pleading when it was filed. The supplemental pleading was filed on 10/26/18 and reached debtor on 11/1/18, just four days ago.

For this reason, debtor has not been able to request subpoenas from the Court so as to obtain truthful materials for presentation in evidence in this matter. And debtor needs additional time to issue those subpoenas and obtain responses thereto.

The second good cause is that attorneys opposing debtor recognize the intensity of hatred and bias emanating from Judge McKittrick – and so realize that there is absolutely no reason for them to follow any rule.

Thus, the U.S. Trustee realized and acted purposefully in this instance to submit a supplemental pleading that is not allowed by the rules. Good cause exists to allow debtor opportunity to present evidence to prove the truth of the matter.

## 4. Declaration

1. My name is Peter Szanto and I am the debtor herein.
2. This is my truthful declaration to which I will testify in court.
3. I am unaware of any attempted FEDEX delivery as alleged by Ms McClurg.
4. Ms Mc Clurg's allegation (Docket Entry 146, p.2):

   **"Defendant has failed to accept delivery of such documents and information or communicate with the UST concerning his availability to accept delivery."**

   **is a filthy lie!!!**

5. Ms Mc Clurg accuses me of volitional acts in regard of FEDEX I did not receive.
6. This is a logical impossibility.
7. Ms Mc Clurg's accusation is an obscene presumption based on facts over which I have no control.
8. Whether FEDEX came to my house or not is unknown to me.
9. They certainly left no notice of attempted delivery.
10. Ms McClurg has no way of knowing what I did or did not do as to mail I did not receive.
11. There is no way for me to be responsible for the actions of others related to FEDEX deliveries which are unknown to me.
12. The absurd accusation that I have control over mail that I did not receive boggles all rational sense of logic!!
13. By what logic do I become the culprit because FEDEX does not deliver mail to me?

14. I would not be surprised if what is at the root of Ms Mc Clurg's heinous allegations is her own failure to pre-pay FEDEX delivery charges to deliver the package in question

15. Thereafter return of the package likely occurred, because FEDEX did not wish to deliver a package for free, even for the U.S. Trustee.

16. Other possibilities also exist, like FEDEX tried the wrong house, or wrong street.

17. I am responding hereto as soon as practicable to the supplemental objection received on 11-1-18.

18. I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

19. Signed at Irvine CA.

DATED 5 November 2018 _/s/_____________Peter Szanto

## 5. Conclusion

For the reasons fully stated herein, debtor asks advancement of the Motion to Compel hearing for 45-60 days while he perfects subpoenas to FEDEX to investigate plaintiff's allegations.

Respectfully,

DATED 5 November 2018 _/s/_____________Peter Szanto

# PROOF OF SERVICE

My name is Maquisha Reynolds, I am over 21 years of age and not a party to the within action. My business address is PO Box 14894, Irvine CA 92623

On the date indicated below, I personally served the within: MOTION on the following by placing in postage pre-paid envelopes of the within document

**Carla Gowen McClurg, OSB #165144**
**Trial Attorney**
**U.S. Department of Justice**
**Office of the United States Trustee**
**620 SW Main Street, Suite 213**
**Portland, OR 97205**

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Signed at Lido CA.

Dated 11/5/ 2018 __/s/__________________M. Reynolds

Jonas V. Anderson, VA SB #78240
Acting Assistant United States Trustee
Carla Gowen McClurg, OSB #165144
Trial Attorney
U.S. Department of Justice
Office of the United States Trustee
620 SW Main Street, Suite 213
Portland, OR 97205
Tel: (503) 326-7659
Email: carla.mcclurg@usdoj.gov

Attorneys for Gregory M. Garvin,
Acting United States Trustee for Region 18, Plaintiff

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF OREGON**

| | |
|---|---|
| In re<br><br>Peter Szanto,<br><br>Debtor. | Case No. 16-33185-pcm7 |
| United States Trustee,<br><br>Plaintiff,<br><br>v.<br><br>Peter Szanto,<br><br>Defendant. | Adversary No. 18-03022-pcm<br><br>**UNITED STATES TRUSTEE'S SUPPLEMENTAL OBJECTION TO MOTIONS FOR ORDER COMPELLING DISCOVERY AND DISCLOSURE**<br><br>Hearing Date: November 1, 2018<br>Hearing Time: 10:30 a.m.<br>Telephone Hearing |

Acting United States Trustee for Region 18, Gregory M. Garvin (the "United States Trustee"), the plaintiff in the above-referenced adversary proceeding, by and through his attorney, Carla Gowen McClurg, hereby files this supplemental objection to Debtor's Motions for Order Compelling Discovery and Disclosure, ECF Nos. 47, 48, 49, and 50 filed on July 13, 2018 (the "Motions").

A

The UST filed the United States Trustee's Objection to Motions for Order Compelling Discovery and Disclosure on July 27, 2018, ECF No. 55. The UST submits this supplemental objection to advise the Court that the UST has attempted to provide non-privileged documents and information relied upon by the UST in preparing the complaint filed in the above-referenced adversary proceeding to Defendant. Defendant has failed to accept delivery of such documents and information or communicate with the UST concerning his availability to accept delivery. These efforts are described in the Declaration of Carla Gowen McClurg in Support of United States Trustee's Objection to Defendant's Motion (i) for Sanctions for Discovery Abuse, (ii) to Restrain Currently Pending Subpoenas, and (iii) to Recall Currently Issued Subpoenas filed on October 3, 2018, ECF No. 109 (the "McClurg Declaration"). The UST has not received further communications from Defendant regarding his availability or willingness to accept delivery of documents and information from the UST since the filing of the McClurg Declaration.

DATED this 26th day of October, 2018.

GREGORY M. GARVIN
Acting United States Trustee for Region 18

/s/ Carla Gowen McClurg
Carla Gowen McClurg, OSB #165144
Trial Attorney

A-2

## CERTIFICATE OF SERVICE

I hereby certify that on October 26, 2018, I served a copy of the foregoing **UNITED STATES TRUSTEE'S SUPPLEMENTAL OBJECTION TO MOTIONS FOR ORDER COMPELLING DISCOVERY AND DISCLOSURE** by mailing a copy of this document, by United States first class mail, postage prepaid, addressed to the following:

Peter Szanto
11 Shore Pine
Newport Beach, CA 92657

I further certified that I emailed a copy of the foregoing document to the defendant on October 26, 2018 at the following email address: szanto.pete@gmail.com.

GREGORY M. GARVIN
Acting United States Trustee for Region 18

/s/ Carla Gowen McClurg
CARLA GOWEN McCLURG, OSB #165144
Trial Attorney

A-3

FedEx®

Express

Extremely Urgent

ORIGIN ID:DTHA (949) 887-2369
SZANTO
SZANTO
P.O.BOX 14894

IRVINE, CA 92623
UNITED STATES US

SHIP DATE: 05NOV18
ACTWGT: 0.50 LB
CAD: 112243018/INET4040

BILL SENDER

TO CLERK-DIST OREGON
US BANKRUPTCY COURT PORTLAND
1001 SW 5TH AVE #700
ROOM 700 @ 1001 SW 5TH AV
PORTLAND OR 97204
(949) 887-2369 REF:
INV:
PO: DEPT:

552J1/38E7/DCA5

FedEx Express

E

FedEx
TRK# 0201 7736 4204 8929

TUE – 06 NOV AA
STANDARD OVERNIGHT

97204
OR-US PDX

WS MRIA

#2642195 11/05 552J3/C3B2/DCA5

CLERK U.S. BANKRUPTCY COURT
DISTRICT OF OREGON
NOV - 6 2018
LODGED ___ REC'D ___
PAID ___ DOCKETED ___