Peter Szanto   949-887-2369
11 Shore Pine
Newport Beach CA 92657

US BANKRUPTCY COURT
DISTRICT OF OREGON
2018 NOV 23 AM 11: 11
LODGED___ REC'D ___
PAID___ DOCKETED___

# U.S. BANKRUPTCY COURT
## IN AND FOR THE DISTRICT OF OREGON

In Re: Peter Szanto, Debtor

-------------------------------

U S Trustee, Plaintiff

V.

Peter Szanto, Defendant

Adv. Proc. No. 18-03022-pcm

Core Case No. 16-33185-pcm7

Notice of Motion and Motion for Terminating Sanctions for Plaintiff's Continuing Discovery Abuses

**HEARING REQUESTED**

## 1. Plaintiff's Certification Relating to Pre-filing Conferral (Certification Pursuant to LBR 7007-1 (a))

Ms McClurg sent debtor a prospective letter to the effect -- that for all time -- irregardless of whatever relief debtor requests, she will oppose it!!!

Nonetheless, on 11-19-18, debtor phoned Ms McClurg seeking to discuss the instant application for relief.

As of the signing of the instant paper, debtor has received no communication from Ms McClurg regarding the instant application.

Therefore, pursuant to rule **LBR 7007-1 (a)**, debtor has sought conferral so as to resolve the situation, but has been unsuccessful in that regard.

I certify under penalty of perjury under the laws of the United States, that foregoing is true and correct. Signed at Irvine CA.

DATED 11/21/2018 /s/ _____ Peter Szanto

## 2. Notice

To the Court and the U.S. Trustee, please take notice, comes now debtor seeking relief such that this honorable Court impose sanctions as punishment for plaintiff's continuing discovery abuses.

## 3. Facts

The outcome of this case is known to an absolute certainty!

**The U.S. Trustee will prevail and debtor will be denied a discharge.**

16-33185 / 18-3022        MOTION 11-20-2018- PAGE 2

**Nonetheless, because of her absolute immunity, the U.S. Trustee knows that she can garner some additional personal pleasure and amusement by forcing debtor repeatedly to beg for discovery (and using the power and privilege of her office to make discovery impossible for debtor). The U.S. Trustee knows that because Judge McKittrick is in her corner to cover-up for every form of discovery abuse she may contrive – that the Court will let her get away with everything everything everything in her efforts to destroy debtor.**

**These facts were emphasized in crystalline clarity at the hearing of 11-13-2018, whereat the Court simply disregarded debtor's efforts for equanimity regarding the blatant depravation of discovery he has experienced since propounding said discovery on 6-2-18 (171 days ago)!**

**While plaintiff's theatrics may be funny for her – for debtor these tactics are a continuing nightmare of discovery abuse which need be punished with the severest of sanctions.**

**Thereon, debtor's asks immediate terminating sanctions and immediate dismissal with prejudice of this cause.**

### a. *Plaintiff's Phony FEDEX Mailing*

On 10/3/2018, Plaintiff filed a response to Debtor's Motion regarding discovery abuse [Docket Entry 108]. Hidden, secretly and sneakily as an exhibit to the response was a document which was totally irrelevant to the issue of discovery abuse. [Docket Entry 109-4] was a FEDEX trace sheet which proved absolutely nothing in the way of useful information. However, plaintiff knew that debtor would not examine the response or the FEDEX trace, until the matter was set for hearing.

Thus, on 10-26-18, when plaintiff filed her non-conforming [1] [Docket Entry 146] Supplemental Objection, she referenced [Docket Entry 109-4] as though it were a document that was properly before this court,[2] when in fact the document [Docket Entry 109-4] had no foundation for evidentiary admission as either part of the Abuse response or evidentiary admission as part of non-conforming and improper supplemental filing.

1. *Supplemental objections in motion practice are barred by the LBR 7007-1(b)(4).*
2. *The FEDEX trace cannot just simply come into evidence without foundation. No document achieves evidentiary foundation simply because it is propounded by a Federal employee with absolute immunity to do as she pleases. Additionally there is no immunity in the United States from following rules and laws established by Congress and made law by the President's signature.*

16-33185 / 18-3022        MOTION 11-20-2018- PAGE 4

Thereafter, this Court **barred** debtor from making complete inquiry into the alleged FEDEX. However, debtor has learned, see declaration, that the alleged FEDEX did not reach him, because it was not pre-paid.

The issue, contrary to plaintiff's hearsay allegation, was not whether debtor was at home OR whether debtor would sign for the FEDEX item, but rather that plaintiff did not pre-pay the shipment!

### b. *Plaintiff's False Representations at 11-13-18 Hearing*

Because Judge McKittrick believes anything and everything which anyone in opposition to debtor says (regardless of lies told under oath), the hearing of 11-13-18 provided plaintiff further opportunity to abuse discovery by pretending that she really really really really really wanted to provide discovery materials to debtor.

Of course, Judge McKittrick, **as usual**, swallowed all this silliness. For example, there are no privileges upon which plaintiff can rely, because all of plaintiff's privileges were compromised when she shared personal, private papers related to debtor with Mr. Arnot and Mr. Henderson.

In sum, no entity is "permitted to pick and choose among [its] opponents, waiving the privilege for some and resurrecting the claim of

16-33185 / 18-3022          MOTION 11-20-2018- PAGE 5

confidentiality to obstruct others, or to invoke the privilege as to communications whose confidentiality he has already compromised for his own benefit." *The Permian Corp. v. United States* (1981) 665 F.2d 1214, 1221 accord *In re Subpoenas Duces Tecum* (1984) 738 F.2d 1367, 1372: "It would ... be inconsistent and unfair to allow [parties] to select according to their own self-interest to which adversaries they will allow access to the materials [they disclose].").

In this case, the extent to which plaintiff has frittered away debtor's privacy to Mr. Henderson is disgustingly obscene! And were it not for plaintiff's absolute immunity, she would be held accountable for publishing debtor's personal and private matters to the world for her own pleasure.

Of course, in plaintiff's world, under the august beneficence of Judge McKittrick, all things which easily cause debtor harm and misery, are just fine. For example, there is no rule that a debtor need be transparent. But debtor Szanto has been forced to be naked as to all of his personal, private affairs as plaintiff shares everything regarding plaintiff with everyone and anyone.

### c. *Plaintiff's 11-19-18 Further Abuse*

At the hearing of 11-13-18, **plaintiff was not given leave to mail anything to debtor until the Court ruled on the matter**. The ORDER of the Court is on the record and the Memo of the proceedings [EXHIBIT A]– the matter is under advisement. No decision has been made.

Of course, because the plaintiff has absolute immunity (**and for all practical purposes is running the Court**) she nevertheless took it upon herself to just send a FEDEX envelope to debtor [EXHIBIT B].

[EXHIBIT B] demonstrates plaintiff's further intentional efforts to make discovery for debtor complicated, trying and impossible!!

First, plaintiff knows that debtor is an Orthodox Jewish rabbi who spends the entire of Friday sundown until Saturday sundown in worship and prayer at a synagogue.

Thus, plaintiff knew that by marking the envelope for Saturday delivery [EXHIBIT B, #D] that there was a good chance that the item would not reach plaintiff (IE, the FEDEX envelope left on (because it was too large to go into) debtor's mailbox (which mailbox is adjacent to many other neighborhood mailboxes) had a higher probability of loss and mis-handling than being delivered to debtor at an agreed time and date).

Further to frustrate the possibility of delivery, [EXHIBIT B, #A] shows

16-33185 / 18-3022      MOTION 11-20-2018- PAGE 7

a shipper other than the U.S. Trustee or absolutely immunized trustee McClurg. Indeed, as the declaration relates, debtor almost returned the envelope because it was unclear whether the item was sent by plaintiff herein (IE, that it was mis-addressed by someone other than plaintiff).

Debtor has been chastised by this Court numerous times for leaving phone messages outside of business hours. For the trustee, however, sending FEDEX on a non-business, non-court day, seems to be just further part and parcel of her absolute immunity from all of the rules to do whatever she pleases, whenever she please without consequence.

Further, yet to frustrate delivery, debtor's phone number has been omitted [EXHIBIT B, #C]. Recipient's phone number is an integral part of FEDEX shipping, because it allows FEDEX to clarify delivery addresses and correct routes to an address. Of course, for plaintiff, it is just another opportunity to make delivery to debtor more difficult, by omitting debtor's phone number (and then contriving all that as debtor's fault).

## 1.ULTIMATELY NO USEABLE MATERIALS ARE SENT TO DEBTOR!!!!

When, after 171 days of discovery abuse by plaintiff, debtor opened the FEDEX envelope, **the only item therein was** [EXHIBIT C]: a CD in a plastic case bearing the label "FED EX Surveillance."

Because debtor at all times seeks to be absolutely co-operative, debtor inserted the CD into the computer he uses at FEDEX office, but

16-33185 / 18-3022          MOTION 11-20-2018- PAGE 8

found that the single file on the CD was corrupted, un-demarcated and unreadable. **AGAIN, NO USABLE DISCOVERY HAS ~~BEE~~ BEEN PRODUCED!!**

### d. *Conclusion*

Thus, yet again, the trustee's guile and trickery have allowed her to evade discovery. Such evasion is not covered by her absolute immunity.

Debtor still has none of the materials he requested on 6-2-18.

### 4. **Memorandum Regarding Discovery Abuse.**

#### a. *Law Sustaining Sanctions for Abuse*

FRCP 26(b) defines what may be sought through discovery and states in pertinent part:

> "Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is **relevant to any party's claim** or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."

In this case, debtor seeks merely those materials which plaintiff

has in her possession which contain material about debtor; debtor will then craft a defense to the allegations.

On this basis, the discovery sought is wholly relevant. Debtor is not abusive of the FRCP 26 rule, because the materials sought are all relevant, because debtor's ability to defend himself relies on knowing what materials are to be used against him. (Especially those materials which were handed over to Mr. Henderson.)

"Since the touchstone of any discovery motion is relevance, the primary issue for decision is whether the documents and information sought relate to any of the legal or factual issues in dispute." *Pierson v. U.S.* (1977) 428 F.Supp. 384, 387. Here, all materials sought by debtor are relevant, because all that is sought is material which concerns debtor.

Thereupon, after 171 days of requesting, but being thwarted from obtaining any materials whatever, debtor prays this Court exercise its power under FRCP 37(b)(2)(v) and dismiss this matter with prejudice.

### 5. Declaration of Peter Szanto

1. My name is Peter Szanto, I am the defendant herein.

2. This is my truthful declaration as to the continuing issue of abusive discovery and misuse of process by the plaintiff.

3. Plaintiff's abuse of discovery is intentional and is being carried out because plaintiff knows that Judge McKittrick disbelieves everything which debtor says.

4. Thus, debtor's complaints of abuse of process and discovery by plaintiff are perceived by Judge McKittrick as debtor's lies and bad demeanor.

5. Thus plaintiff is motivated to withhold discovery, because it enhances her position as a truth teller and crates further animosity against debtor as a whiner.

6. More importantly, by forcing debtor to complain, plaintiff is able to fuel the flame of Judge McKittrick's hatred for debtor's demeanor, and everything which debtor represents.

7. The consequence is that Judge McKittrick's murderous rage against debtor is intensified and plaintiff will be able to prevail without benefit of truth, law or justice. (The rules, of course, long ago became superfluous in this case. EG, the non compliant supplemental pleading)

8. Thus, plaintiff's efforts of abuse of process and discovery are perfect for her, because they add further certainty that she will be successful in putting-down debtor and enhancing her career.

9. I believe to an absolute certainty that the reason there is no fairness in this case is because Judge McKittrick believes anything that a person admitted to the bar says.

10. This creates the contrary problem for me that no matter what I say or represent, Judge McKittrick already presumes my statements to be lies, because I am not an attorney.

11. I have received no papers from plaintiff's early October FEDEX mailing.

12. At the time of that alleged FEDEX shipment, I received no notice from FEDEX, nor did any FEDEX employee come to my house regarding any shipment.

13. When alerted about that shipment by plaintiff's defiance of the

rules supplemental filing, my investigations indicate that the reason for failure of delivery was that the shipment was not prepaid by the plaintiff.

14. I am attempting to secure an affidavit from FEDEX about lack of prepayment.

15. However, FEDEX is reticent to write a letter about the misdeeds of the Justice Department, because they know the Justice Department will in-one-way-or-another seek revenge against FEDEX.

16. As usual, at the 11-13-18 hearing plaintiff – because she has absolute immunity, made numerous false statements:

a) that she was confused about my address

b) that the October FEDEX shipment was prepaid.

c) that I refused the October FEDEX shipment

d) that she had attempted to communicate with me in good faith

e) that her goal is to provide discovery materials, when in fact her goal is to win this case based on my demeanor.

17. During the six depositions which plaintiff conducted, I was concerned about the fact that plaintiff asked me numerous questions about my religion, ethnic background and country of origin.

18. Plaintiff also tried to create the impression that my ministry as a rabbi was the source of undisclosed income (I take no money for my rabbinical activities, and all money offered me for those activities are suggested to be donated to the Chabbad religious organization.

19. The FEDEX envelope I received from plaintiff on 11-18-18, contained only one item, a CD marked "FED EX Surveillance" which is corrupted, un-demarcated and unreadable.

20. Thus, after 171 days, plaintiff has provided me with no usable discovery.

21. Thereon, the matter should be dismissed based on the plaintiff's blatant discovery abuses.

22. I declare under penalty of perjury that the foregoing is true and correct.

23. Signed at Irvine, California.

DATED 11-21-2018  /s/_____Peter Szanto

## 6. Conclusion

The rule is very clear that discovery must be complied with. Here, because plaintiff has absolute immunity, she believes she can play absurd games with the Court and debtor's time and patience. The Court is called upon to show plaintiff that her absolute immunity is not boundless and does not extend to discovery abuse.

DATED 11-21-2018  /s/_____Peter Szanto

16-33185 / 18-3022    MOTION 11-20-2018- PAGE 15

## Proof of Service

My name is Maquisha Reynolds, I am over 18 years of age and not a party to this action. My business address is PO Box 14894, Irvine CA 92623.

**On the date indicated below, I e-mailed the within Motion to:**

**U.S Trustee, Carla Gowen McClurg at**

**Carla.McClurg@usdoj.gov**

I declare under oath that the foregoing is true and correct.

Signed at Irvine CA

/s/ Maquisha Reynolds   11-21-2018

| | | |
|---|---|---|
| 11/13/2018 | TUESDAY | Judge Peter C McKittrick |
| 10:00  18-3022 pcm ap | US Trustee v. Szanto | |
| 16-33185 | | |

1. 1. Debtor's Notice of Motion and Third Motion for ORDER Compelling Discovery and Disclosure 2. Affidavit of Peter Szanto in Support 3. Request for Expedited Hearing and Supporting Document(s) (49)

2. 1. Debtor's Notice of Motion and Fourth Motion for ORDER Compelling Discovery and Disclosure 2. Affidavit of Peter Szanto in Support 3. Request for Expedited Hearing and Supporting Document(s) (50)

3. 1. Debtor's Notice of Motion and First Motion for ORDER Compelling Discovery and Disclosure 2. Affidavit of Peter Szanto in Support 3. Request for Expedited Hearing and Supporting Document(s) (47)

4. 1. Debtor's Notice of Motion and Second Motion for ORDER Compelling Discovery and Disclosure 2. Affidavit of Peter Szanto in Support 3. Request for Expedited Hearing and Supporting Document(s) (48)

5. Supplemental Objection Filed by Plaintiff US Trustee Re: (47) 1. Debtor's Notice of Motion and First Motion for ORDER Compelling Discovery and Disclosure 2. Affidavit of Peter Szanto in Support 3. Request for Expedited Hearing and Supporting Document(s), (48) 1. Debtor's Notice of Motion and Second Motion for ORDER Compelling Discovery and Disclosure 2. Affidavit of Peter Szanto in Support 3. Request for Expedited Hearing and Supporting Document(s), (49) 1. Debtor's Notice of Motion and Third Motion for ORDER Compelling Discovery and Disclosure 2. Affidavit of Peter Szanto in Support 3. Request for Expedited Hearing and Supporting Document(s), (50) 1. Debtor's Notice of Motion and Fourth Motion for ORDER Compelling Discovery and Disclosure 2. Affidavit of Peter Szanto in Support 3. Request for Expedited Hearing and Supporting Document(s). (McClurg, Carla) (146)

US Trustee - pla  
Peter Szanto - dft  x

CARLA GOWEN MCCLURG  x  
Martin Smith - UST  x



Evidentiary Hearing:    Yes:         No: xx

The Debtor indicated he was in a location with poor cell coverage. As a result, the court took the matter under advisement and will rule in writing to assure debtor has access to the Court's entire ruling. The UST was directed to email the Defendant requesting Defendant's preferred method of document discovery: the Newport Beach FedEx Office or UST's Santa Anna Office. If no response from Defendant by Thursday, November 15, 2018, the court will determine the delivery location, and so indicate in its ruling. The UST to upload correspondence by November 19, 2018 regarding delivery location and include a reference to the list of documents by category being produced.

Run Date:    11/13/18




ORIGIN ID:MRIA (503) 326-4000  SHIP DATE: 16NOV18
AMY SCHAFFER                    ACTWGT: 1.00 LB
                                CAD: 106135922/INET4040
620 SW MAIN, SUITE 213
PORTLAND, OR 97205              BILL SENDER
UNITED STATES US

TO  PETER SZANTO

    11 SHORE PINE

    NEWPORT BEACH CA 92657
(000) 000-0000        REF: P. SZANTO
INV:
PO:                   DEPT:

TRK# 7737 4577 4890    SATURDAY 12:00P
0201                   PRIORITY OVERNIGHT

                       RES
WO TWHA                92657
                CA-US  SNA

EXHIBIT B





EXHIBIT
Ⓒ

```
ORIGIN ID:DTHA  (949) 887-2369        SHIP DATE: 21NOV18
SZANTO                                ACTWGT: 0.50 LB
SZANTO                                CAD: 112243018/INET4040
P.O.BOX 14894
IRVINE, CA 92623                      BILL SENDER
UNITED STATES US

TO  CLERK-DIST OREGON
    US BANKRUPTCY COURT PORTLAND
    1001 SW 5TH AVE #700
    ROOM 700 @ 1001 SW 5TH AV
    PORTLAND OR 97204
    (503) 610-0865        REF:
    INV:
    PO:                   DEPT:
```



FRI - 23 NOV 3:00P
**STANDARD OVERNIGHT**

TRK# 7737 8695 9738         97204
0201                         PDX

**WS MRIA**





Case 18-03022-pcm    Doc 157    Filed 11/23/18