Peter Szanto  949-887-2369
11 Shore Pine
Newport Beach CA 92657
US BANKRUPTCY COURT
DISTRICT OF OREGON
2018 NOV 27 PM 12: 39
LODGED___REC'D___
PAID___DOCKETED___

# U.S. BANKRUPTCY COURT
### DISTRICT OF OREGON
*1001 SW 5th Ave #700 Portland, OR 97204 (503) 326-1500*

In Re: Peter Szanto, Debtor

-------------------------------------

US Trustee, plaintiff

v.

SZANTO, DEFENDANT

**Adversarial 18-ap-03022-pcm**

**Core Case No. 16-33185-pcm**

**Debtor's Notice of Motion and Motion Pursuant to Fed. Rule of Bankruptcy Procedure 9011 for Sanctions Based on Plaintiff's Willful Abuse and Disregard of Law**

**HEARING IS REQUESTED**

### 1. Debtor's Certification Relating to Pre-filing Conferral (Certification Pursuant to LBR 7007-1 (a))

Debtor telephoned United States Trustee, Ms McClurg on 10-26, 2018. Ms. McClurg did not answer her phone. Szanto left a voice message seeking a return call about the issues herein, but since then has NOT received any

16-33185 – 18-AP-3022        MOTION 11-24-18 – p. 1

return call from Ms McClurg. Therefore, no resolution of any of the matters herein has occurred. [EXHIBIT A, sent to plaintiff, proves that effort].

Pursuant to LBR 7007-1(a)(1)(A): a good faith effort at resolution was made, but the parties were unable to resolve the conflict as to the issues which are the subjects of this motion.

I certify under penalty of perjury under the laws of the United States, that foregoing is true and correct. Signed at Irvine CA

DATED 11-24-2018 _____Peter Szanto

## 2. FACTS

FRBP 9011 provides relief whenever the rules are intentionally violated by a party. Plaintiff filed a supplemental pleading. There is no provision in the rules for any supplemental pleadings.

Debtor was very surprised that this Court took no affirmative action to protect debtor from such an intentional and obvious violation of the rules.

This Court's discretion does not extend to condoning and validating violations of the rules, ever!

This is particularly important here, because now that the U.S. Trustee has been able to disregard all of its discovery obligations, the U.S. Trustee seeks intentionally to evade and abuse further process so as to complete the abrogation of all of debtor's rights.

16-33185 – 18-AP-3022        MOTION 11-24-18 – p. 2

<u>The most foundational and fundamental Constitutional rights are at stake here</u>: **<u>MOST PARTICULARLY WHETHER OR NOT DEBTOR HAS ANY RIGHTS AT ALL!! – OR WHETHER DEBTOR'S BANKRUPTCY RIGHTS ARE TO BE SUBSUMED BY THE U.S. TRUSTEE JUST DOING WHATEVER SHE PLEASES WITHOUT CONSIDERATION FOR LAW, TRUTH, JUSTICE OR THE PROPER PROCESS MANDATED THEREBY.</u>**

### 3. Memorandum

Federal Rules of Bankruptcy Procedure, <u>Rule 9011</u> <u>**requires and mandates**</u> that:

**at FRBP 9011(a): that:**

"Every petition, pleading, written motion, and other paper, except a list, schedule, or statement, or amendments thereto, shall be signed by at least one attorney of record in the attorney's individual name. A party who is not represented by an attorney shall sign all papers. Each paper shall state the signer's address and telephone number, if any. An unsigned paper shall be stricken unless omission of the signature is corrected promptly after being called to the attention of the attorney or party."

**and that at FRBP 9011(b):**

"By presenting to the court (whether by signing, filing, submitting, or later advocating) a petition, pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,

    (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;

    (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;

    (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and

    (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief."

*(of DOCKET ENTRY #146)*

Here, the filing of a supplemental response [EXHIBIT of 9011 Preliminary Request] was unreasonable, because it was a blatant violation of the rules and contrary to law [see EXHIBIT B for complete analysis].

Indeed, the supplemental pleading was filed merely so that the U.S. Trustee could **exert its absolute dominion and control over this Court, all to debtor's detriment and harm**.

That detriment is the U.S. Trustee's attempt to prevail in an action without fulfilling her obligation to participate and comply with the discovery rules. That is, blatantly trying to deprive debtor of the discovery materials upon which plaintiff's contentions are based.

The U.S. Trustee is undertaking this crass hiding of evidence so that debtor is deprived of the opportunity timely and properly to prepare for trial.

**at FRBP 9011(c) there is provision for sanctions:**

"If, after notice and a reasonable opportunity to respond, the court determines that subdivision (b) has been violated, the court may, subject to the conditions stated below, impose an appropriate sanction upon the attorneys, law firms, or parties that have violated subdivision (b) or are responsible for the violation."

**The request for sanctions is initiated by:**

16-33185 – 18-AP-3022      MOTION 11-24-18 – p. 5

"A motion for sanctions under this rule shall be made separately from other motions or requests and shall describe the specific conduct alleged to violate subdivision (b). It shall be served as provided in Rule 7004. The motion for sanctions may not be filed with or presented to the court unless, within 21 days after service of the motion (or such other period as the court may prescribe), the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected, except that this limitation shall not apply if the conduct alleged is the filing of a petition in violation of subdivision (b). If warranted, the court may award to the party prevailing on the motion the reasonable expenses and attorney's fees incurred in presenting or opposing the motion. Absent exceptional circumstances, a law firm shall be held jointly responsible for violations committed by its partners, associates, and employees."

Here, as [EXHIBIT A] demonstrates, debtor wrote a cover letter and [EXHIBIT B] proposed motion which were served on the U.S. Trustee.

The proposed motion [EXHIBIT B] with the word proposed now crossed-out and signed in ink are submitted for the Court's consideration and action. The proposed motion was submitted to the U.S. Trustee on 10-26-18, and there has been no response or action to conform to law regarding the fact that supplemental oppositions are rule violations.

**FRBP 9011(c)(2) provides for sanctions as follows:**

"A sanction imposed for violation of this rule shall be limited to what is sufficient to deter repetition of such conduct or comparable conduct by others similarly situated. Subject to the limitations in subparagraphs (A) and (B), the sanction may consist of, or include, directives of a nonmonetary nature, an order to pay a penalty into court, or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of some or all of the reasonable attorneys' fees and other expenses incurred as a direct result of the violation."

Here, debtor has already lost $1.3 million because of the false and improper representations made by the U.S. Trustee to convert the matter to a Chapter 7 a year ago.

Now, as demonstrated by the U.S. Trustee's purposeful and obviously intransigent unwillingness to provide any discovery at all to debtor, there must clearly be something very very very very wrong with the original representations which the U.S. Trustee made a year ago. (And now the U.S. Trustee is engaged in intentional and focused cover-up and evidence destruction to cover its tracks. Apparently, the U.S. Trustee will now do anything (including filing a non-conforming paper, as here) to cover-up its improper actions from last year so as to prevent debtor from rehabilitating himself by pointing out and explaining the filthy lies the U.S. Trustee perpetrated on this Court a year ago.

This Court should not participate in any further efforts to exterminate and eradicate debtor based on materials which can now be presumed to have been contrived and fabricated by the U.S. Trustee (why else would the U.S. Trustee not participate in discovery?)

**The appropriate sanction, is to dismiss this action with prejudice, because otherwise this Court will merely participate in the further depravation of debtor's rights without any basis at law, truth or justice for denying debtor a discharge.**

## 4. Declaration

1. My name is Peter Szanto and I am the debtor herein.
2. This is my truthful declaration to which I will testify in court.
3. The abuse and violation of the rules by the U.S. Trustee is an obscenity: governmental employees purposefully depriving a citizen of 1st Amendment rights to proper and fair judicial process.
4. For reasons which should be painfully clear to the Court, the U.S. Trustee is attempting to cover-up its lack of evidence by playing games and depriving debtor of discovery, the improper supplemental pleading is merely another charade to that end.
5. This Court should not tolerate such pathetic nonsense which is in absolute defiance of the law.
6. I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

7. Signed at Irvine CA.

DATED <u>24 November 2018</u>  /s/ _____ Peter Szanto

### 5. Conclusion

For the reasons fully stated herein, debtor asks dismissal of this action with prejudice based on the continuing abuse of process by the plaintiff.

Respectfully,

DATED <u>26 November 2018</u>  /s/ _____ Peter Szanto

## PROOF OF SERVICE

My name is Maquisha Reynolds, I am over 21 years of age and not a party to the within action. My business address is PO Box 14894, Irvine CA 92623.

On the date indicated below, I personally served the within: MOTION on the following by placing in postage pre-paid envelopes of the within document

        **U.S. Department of Justice**
        **Office of the United States Trustee**
        **620 SW Main Street, Suite 213**
        **Portland, OR 97205**

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Signed at Lido CA.

Dated 11/26/ 2018  /s/ _____ M. Reynolds

16-33185 – 18-AP-3022        MOTION 11-24-18 – p. 9

Peter Szanto        <u>*949-887-2369*</u>

October 26, 2018

Dear Ms Mc Clurg –

　　Please find attached the Motion I will file pursuant to FRBP 9011, if you do not take appropriate action within the time provided for by law. Please call me so that we may discuss what is appropriate in this instance.

　　　　　　Kindest regards,   *sent electronically signed for purpose of this motion*

　　　　　　　　/s/ Peter Szanto

EXHIBIT A

To 11/26/18 Motion

Peter Szanto  *949-887-2369*
11 Shore Pine
Newport Beach CA 92657

# U.S. BANKRUPTCY COURT
## IN AND FOR THE DISTRICT OF OREGON

In Re: Peter Szanto, Debtor

-------------------------------------

U S Trustee, Plaintiff

V.

Peter Szanto, Defendant

Adv. Proc. No. 18-03022-pcm

Core Case No. 16-33185-pcm7

~~Proposed FRBP 9011 Motion~~

Notice of Motion and Motion for Sanctions for Plaintiff's Continuing Abuses of Process and Intentional Disregard of the Rules of this Court and the Federal Law of the United States of America

**HEARING REQUESTED**

EXHIBIT B TO 11-26-18 MOTION

## 1. Plaintiff's Certification Relating to Pre-filing Conferral (Certification Pursuant to LBR 7007-1 (a))

The initial certification derives from FRBP 9011 which requires that

16-33185 / 18-3022   MOTION (TO BE FILED WITH COURT ON 11-26-18) - PAGE 1

a motion under that rule be initially submitted to the offending party. The efforts intended to compromise this matter allow the offending party to take action is the conferral envisioned by LBR 7007-1

As of the signing of the instant paper, debtor has received no communication from Ms McClurg regarding the instant application.

Therefore, pursuant to rule **LBR 7007-1 (a)**, debtor has sought conferral so as to resolve the situation, but has been unsuccessful in that regard.

I certify under penalty of perjury under the laws of the United States, that foregoing is true and correct. Signed at Irvine CA.

DATED 10/26/2018  /s/ *signed electronically* Peter Szanto

## 2. Notice

To the Court and the U.S. Trustee, please take notice, comes now debtor seeking relief such that this honorable Court impose sanctions as punishment for plaintiff's continuing abuse of the judicial process of this Court and the Federal Law of the United States of America.

### 3. Facts

Debtor downloaded [EXHIBIT A, Docket Entry 146] from PACER. The document is styled:

> UNITED STATES TRUSTEE'S
> SUPPLEMENTAL OBJECTION TO
> MOTIONS FOR ORDER
> COMPELLING DISCOVERY AND
> DISCLOSURE

The local rules do not provide any legal basis for the filing of a "supplemental objection." (No special dispensation is created for those with absolute immunity from being held accountable for their bad actions!!)

Thereon, the non-conforming filing should have been stricken by the clerk of the Court immediately upon filing.

### 4. Memorandum Regarding Abuse of Process and Violation of the Federal Law

The Local Motion Practice Rules of this Court provide for Motions and Responses thereto, **only** (LBR 7007-1). Supplemental objections are barred by the LBR 7007-1(b)(4) which is absolutely clear, applicable to all, and states in simple, clear, easily understandable and very plain English:

> "(4) Further Briefing. No further briefing is allowed."

16-33185 / 18-3022     MOTION (TO BE FILED WITH COURT ON 11-26-18) - PAGE 3

Even though this Court has granted plaintiff absolute immunity in all matters related to this case, debtor contends that purposeful violation of the rules by the plaintiff **cannot** be allowed without abrogating debtor's right to equal protection of the laws and due process in conformance with the laws as promulgated (IE, without destroying debtor's Constitutional protections to a fair hearing and fair trial.).

Rules of practice adopted by United States District Courts (of which this Court is division) have force and effect of law and are binding upon parties *Woods Const. Co. v. Atlas Chemical Industries, Inc.,* (1964) 337 F.2d 888. Any court which promulgates a rule must enforce said rule until changed by appropriate action.(*ibid*) Here, however, the plaintiff's supplemental pleading intentionally violated this Court's rules.

Emphatically stated, this Court's rules have the force of law. *Link v. Wabash R. Co.,* (1961) 291 F.2d 542. Very clearly, plaintiff's supplemental pleading intentionally violated this Court's rules.

Local Rules are the "laws of the United States." *United States v. Hvass,* (1958) 355 U.S. 570, 575-76, 78 S.Ct. 501, 504-05, 2 L.Ed.2d 496. Here, plaintiff's supplemental pleading violated this Court's rules, which are the "laws of the United States" (*ibid*).

**Thereupon, debtor prays this court issue an appropriate sanction for the violation of the rules by the plaintiff.**

16-33185 / 18-3022    MOTION (TO BE FILED WITH COURT ON 11-26-18) - PAGE 4

## 5. Declaration of Peter Szanto

1. My name is Peter Szanto, I am the defendant herein.

2. This is my truthful declaration as to the continuing issue of abusive filings and intentional misuse of process by the plaintiff.

3. Plaintiff's many abuses of law are deliberate, planned and are being carried out because plaintiff knows that Judge McKittrick despises debtor; and will allow plaintiff to do whatever she pleases, regardless of truth, justice or law.

4. I declare under penalty of perjury, under the laws of the United States, that the foregoing is true and correct.

5. Signed at Irvine, California.

DATED 10-26-2018    /s/ *signed electronically* Peter Szanto

## 6. Conclusion

The rule is very clear that there is no provision for supplemental pleadings. Here, because plaintiff has absolute immunity, she believes she can play absurd games with the Court and debtor's time and patience. The

Court is called upon to show plaintiff that her absolute immunity is not boundless and does not extend to violation and abuse of the rules in derogation of plaintiff's fundamental rights.

DATED 10-26-2018 /s/ *signed electronically* Peter Szanto

## Proof of Service

My name is Maquisha Reynolds, I am over 18 years of age and not a party to this action. My business address is PO Box 14894, Irvine CA 92623.

On the date indicated below, I e-mailed the within **Motion** to:

U.S Trustee, Carla Gowen McClurg at

Carla.McClurg@usdoj.gov

I declare under oath that the foregoing is true and correct. Signed at Irvine CA.

10-26-2018 /s/ *signed electronically* Maquisha Reynolds

16-33185 / 18-3022    MOTION (TO BE FILED WITH COURT ON 11-26-18) - PAGE 6

Jonas V. Anderson, VA SB #78240
Acting Assistant United States Trustee
Carla Gowen McClurg, OSB #165144
Trial Attorney
U.S. Department of Justice
Office of the United States Trustee
620 SW Main Street, Suite 213
Portland, OR 97205
Tel: (503) 326-7659
Email: carla.mcclurg@usdoj.gov

Attorneys for Gregory M. Garvin,
Acting United States Trustee for Region 18, Plaintiff

UNITED STATES BANKRUPTCY COURT
DISTRICT OF OREGON

| In re<br><br>Peter Szanto,<br><br>Debtor. | Case No. 16-33185-pcm7 |
|---|---|
| United States Trustee,<br><br>Plaintiff,<br><br>v.<br><br>Peter Szanto,<br><br>Defendant. | Adversary No. 18-03022-pcm<br><br>**UNITED STATES TRUSTEE'S SUPPLEMENTAL OBJECTION TO MOTIONS FOR ORDER COMPELLING DISCOVERY AND DISCLOSURE**<br><br>Hearing Date: November 1, 2018<br>Hearing Time: 10:30 a.m.<br>Telephone Hearing |

Acting United States Trustee for Region 18, Gregory M. Garvin (the "United States Trustee"), the plaintiff in the above-referenced adversary proceeding, by and through his attorney, Carla Gowen McClurg, hereby files this supplemental objection to Debtor's Motions for Order Compelling Discovery and Disclosure, ECF Nos. 47, 48, 49, and 50 filed on July 13, 2018 (the "Motions").

EXHIBIT A to
proposed 9011

**Page 1 – UNITED STATES TRUSTEE'S SUPPLEMENTAL OBJECTION TO MOTIONS FOR ORDER COMPELLING DISCOVERY AND DISCLOSURE**

The UST filed the United States Trustee's Objection to Motions for Order Compelling Discovery and Disclosure on July 27, 2018, ECF No. 55. The UST submits this supplemental objection to advise the Court that the UST has attempted to provide non-privileged documents and information relied upon by the UST in preparing the complaint filed in the above-referenced adversary proceeding to Defendant. Defendant has failed to accept delivery of such documents and information or communicate with the UST concerning his availability to accept delivery. These efforts are described in the Declaration of Carla Gowen McClurg in Support of United States Trustee's Objection to Defendant's Motion (i) for Sanctions for Discovery Abuse, (ii) to Restrain Currently Pending Subpoenas, and (iii) to Recall Currently Issued Subpoenas filed on October 3, 2018, ECF No. 109 (the "McClurg Declaration"). The UST has not received further communications from Defendant regarding his availability or willingness to accept delivery of documents and information from the UST since the filing of the McClurg Declaration.

DATED this 26th day of October, 2018.

GREGORY M. GARVIN
Acting United States Trustee for Region 18

 /s/ Carla Gowen McClurg
Carla Gowen McClurg, OSB #165144
Trial Attorney

## CERTIFICATE OF SERVICE

I hereby certify that on October 26, 2018, I served a copy of the foregoing **UNITED STATES TRUSTEE'S SUPPLEMENTAL OBJECTION TO MOTIONS FOR ORDER COMPELLING DISCOVERY AND DISCLOSURE** by mailing a copy of this document, by United States first class mail, postage prepaid, addressed to the following:

Peter Szanto
11 Shore Pine
Newport Beach, CA 92657

I further certified that I emailed a copy of the foregoing document to the defendant on October 26, 2018 at the following email address: szanto.pete@gmail.com.

GREGORY M. GARVIN
Acting United States Trustee for Region 18


/s/ Carla Gowen McClurg
CARLA GOWEN McCLURG, OSB #165144
Trial Attorney

Case 18-03022-pcm    Doc 159    Filed 11/27/18