

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF OREGON

**PETER C. McKITTRICK**
BANKRUPTCY JUDGE

1001 S.W. FIFTH AVENUE, # 700
PORTLAND, OREGON 97204
(503) 326-1536

M. CAROLINE CANTRELL
LAW CLERK

BEN COLEMAN-FIRE
LAW CLERK

TONIA McCOMBS
LAW CLERK

January 10, 2019

TRANSMITTED VIA ECF

Peter Szanto
11 Shore Pine
Newport Beach, CA 9265

Martin L. Smith
Hilary Bramwell Mohr
United States Trustee
700 Stewart St., Suite 5103
Seattle, WA 98101-2509

> Re: United States Trustee v. Szanto, Adv. No. 18-3022-pcm
> Debtor's Motions to Compel (docs. 47-50), Motion for
> Terminating Sanctions (doc. 157) and Rule 9011 Motion
> (doc. 159)

Dear Mr. Szanto, Mr. Smith and Ms. Mohr:

The purpose of this letter is to rule on the motions identified above. Because the motions are all related, I am ruling on all of them in this single letter ruling.

Mr. Szanto ("defendant or debtor") propounded three requests for discovery on plaintiff (the "UST"), each of which the UST objected to:

> Request for Production No. 1: Each and every document in your possession (or any document which has ever been in your possession) regarding debtor Peter Szanto.

Debtor's First Motion for Order Compelling Discovery and

Disclosure, Ex. A, Doc. 47.

> <u>Interrogatory No. 1</u>: For each and every document produced in response to Document Production #1, please state:
>
> a. The name of the document.
> b. The source of the document.
> c. The basis for believing the authenticity of the document.
> d. The date the document came into your possession.
> e. Any verification provided to you with the document.
> f. If applicable, the date you destroyed the document or otherwise caused it to disappear.
> g. In regard of documents received from Nicholas Henderson or Marissa Henderson, all verbal communication related to said document (whether prior to or after receipt).

Debtor's Second Motion for Order Compelling Discovery and

Disclosure, Ex. A, Doc. 48.

> <u>Exemplification of Interrogatory No. 1</u>: Item 1g of First interrogatory request that you are requested to supply
> a. In regard of documents received from Nicholas Henderson or Marissa Henderson, all verbal communication related to said document (whether prior to or at receipt).
>
> This request is intended to include all verbal communication made <u>at the exact time</u> of receipt of documents as well as communications before or after receipt.

Debtor's Second Motion for Order Compelling Discovery and

Disclosure, Ex. B, Doc. 48.

<u>Interrogatory No. 2</u>: For each and every matter or items you introduced, or sought to be introduced, into evidence at the conversion motion proceeding regarding Peter Szanto in November and December 2017:

a. State your personal testimony in support of each item.
b. State your basis of reliance on your own personal testimony.
c. State all matters you represented to the Court as true which were based solely on your own opinion.
d. State all matters which you represented to be true but which you knew to a certainty were false.
e. State all matters which you knew to be false which you intentional [sic] implied/inferred were true.
f. State all items for which your sole basis of truth were representations made by Boris Kukso.
g. State all items for which your sole basis of truth were representations made by Nicholas Henderson.

Debtor's Fourth Motion for Order Compelling Discovery and Disclosure, Ex. A, Doc. 50.

In response to the UST's objections, defendant filed four motions to compel production (docs. 47, 48, 49 and 50, collectively the "Discovery Motions"). The UST objected to the scope of defendant's discovery requests on the basis that the requests were "neither relevant nor proportional to the issues and needs of this adversary proceeding." UST's Objection to Motions for Order Compelling Discovery and Disclosure (doc. 55, the "Objection"), p. 2. Notwithstanding its objection, the UST stated that it intended to produce "all non-privileged documents

Mr. Peter Szanto
Mr. Martin Smith
Ms. Hilary Mohr
January 10, 2019
Page 4

on which the [UST] relied to prepare the complaint . . ." Id. at p. 11.

The court held a hearing on the Discovery Motions on November 13, 2018. At that time, the UST reported that it attempted delivery of the documents that it stated would be produced in the Objection (the "Documents"). Because the Documents contain debtor's sensitive financial information, the UST previously attempted delivery via FedEx with signature required. However, the UST alleges that debtor refused to sign for the delivery and indicated during the hearing that he would not sign for a future delivery of documents.

During the November 13 telephone hearing the court had a difficult time with debtor's phone connection. The defendant reported that he called into the hearing from a remote location with inadequate cell phone reception. Debtor ultimately disconnected from the hearing prior to the end of the hearing, and before the court could rule on the Motions. At the end of the hearing, the court ordered the UST to re-deliver the documents and report to the court by correspondence regarding the status of the delivery, which the UST did. Docs. 153, 156.

Mr. Peter Szanto
Mr. Martin Smith
Ms. Hilary Mohr
January 10, 2019
Page 5

Debtor now reports having received a portion of what the UST alleges it delivered to debtor but claims that the file format was not one that he could open. Motion for Terminating Sanctions, Doc. 157, pp. 8-9.

Following the November 13, 2018 hearing, debtor filed two additional motions regarding the same discovery requests: a Motion for Terminating Sanctions for Plaintiff's Continuing Discovery Abuses, doc. 157, and a Motion Pursuant to Fed. Rule of Bankruptcy Procedure 9011 for Sanctions Based on Plaintiff's Willful Abuse and Disregard of Law, doc. 159 ("Sanction Motions") I will first address the Discovery Motions.

1. <u>Debtor's Motions to Compel Further Response to his Requests for Production</u>

   F. R. Civ. P. 26(b)(1) provides that:

   Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Mr. Peter Szanto
Mr. Martin Smith
Ms. Hilary Mohr
January 10, 2019
Page 6

Rule 26(b)(1) specifies that "[i]nformation within this scope of discovery need not be admissible in evidence to be discoverable."

> Nevertheless, the court is required to limit the extent of discovery that is otherwise allowed by these rules if the court determines that (1) the sought-after discovery is needlessly cumulative, duplicative, or can be obtained from a more convenient source; (2) "the party seeking discovery has had ample opportunity to obtain the information by discovery in the action"; or (3) the sought-after discovery exceeds the scope permitted by Rule 26(b)(1).

<u>Wilson v. Decibels of Oregon, Inc.</u>, No. 1:16-CV-00855-CL, 2017 WL 1943955, at *1 (D. Or. May 9, 2017) (quoting Fed. R. Civ. P. 26(b)(2)(C)). The relevance standard has evolved and narrowed over time. 6 Moore's Federal Practice, § 26.41. The standard set forth in Rule 26(b)(1) "requires the courts and the parties to focus on the "actual claims and defenses involved in the action." <u>Id</u>. at § 26.42 (quoting advisory committee note).

The UST asserts several objections to debtor's request for production. The first objection is that debtor's request for production is overbroad. I agree. Debtor's request is overly broad and unduly burdensome, especially considering the narrowed scope of the case following this court's decision granting the UST's motion to dismiss debtor's counterclaims. The UST further

Mr. Peter Szanto
Mr. Martin Smith
Ms. Hilary Mohr
January 10, 2019
Page 7

objected on the basis that the request does not describe "with reasonable particularity each item or category of items to be produced" Fed. R. Civ. P. 34(b)(1)(A).  This objection is also well taken.  Because debtor's request is so broad, it also lacks the particularity required under the applicable rule. Finally, the UST objects that the request is not proportional to the needs of the litigation pursuant to Fed. R. Civ. P. 26(b).  For the same reasons, I find this objection to be well-taken.  The UST has shown a willingness to produce any documents relied upon in preparation of the complaint, as evidenced by its attempts to produce these documents.  The production already sent by the UST should provide debtor with many, if not all, the documents that will be relevant to this adversary proceeding.

　　The UST also asserts the work product doctrine and attorney-client, pre-litigation deliberation, deliberation, and/or investigatory privileges.  As noted above, the UST stated that it intended to produce "all non-privileged documents on which the [UST] relied to prepare the complaint . . ." Objection at p. 11.  If the UST is withholding documents based on any of these privileges, a privilege log must be produced. For the purpose of determining the scope of the privilege log

required, the UST should address any documents on which the UST relied to prepare the complaint. The privilege log need not list individual documents withheld and should be styled in the following format:

| Creation Date Range | Document Type | Authors/ Recipients | Subject Matter | Privilege/Reason for Redaction |
|---|---|---|---|---|
| Ex. 1/1/2018 – 3/1/2018 | Ex. Email communications and attachments | Ex. Between or among John Smith and Jane Doe | Ex. Banking Information | Ex. Attorney-Client Privilege |

Additionally, debtor may be entitled to documents beyond the scope of those offered to be produced by the UST. Nothing in the order denying debtor's Motions will preclude him from propounding discovery requests that conform with the applicable rules and the discovery requirements referenced above.

Accordingly, debtor's motions to compel will be granted insofar as the UST will be required to produce a privilege log and the remainder will be denied without prejudice to debtor's ability to propound future discovery requests in conformation with the applicable rules. However, I caution debtor that future discovery requests must be tailored in scope and sufficiently specific to comply with all applicable rules.

  2. Debtor's Motions to Compel Further Response to his Interrogatories

> A party may propound interrogatories relating to any matter that may be inquired to under Rule 26(b). Fed. R. Civ. P. 33(a). A responding party is obligated to respond to the fullest extent possible, and any objections must be stated with specificity. Fed. R. Civ. P. 33(b)(3)-(4). "In general, a responding party is not required to conduct extensive research in order to answer an interrogatory, but a reasonable effort to respond must be made." Gorrell v. Sneath, 292 F.R.D. 629, 632 (E.D. Cal. 2013) (internal quotations and citations omitted). "[I]f the information sought is contained in the responding party's files and records, he or she is under a duty to search the records to provide the answers." U.S. ex rel. Englund v. L.A. Co., 235 F.R.D. 675, 680 (E.D. Cal. 2006) (citing Govas v. Chalmers, 965 F.2d 298, 302 (7th Cir.1992)).

Wilson, 2017 WL 1943955, at *4 (D. Or. May 9, 2017).

As an initial matter, the UST objected to Interrogatories 1 and 2 on the basis that the interrogatory violates Local Rule 33-1(d), which provides:

> Prohibited Form of Interrogatories. Broad general interrogatories, such as those that ask an opposing part to "state all facts on which a claim or defense is based" or to "apply law to facts" are not permitted . . . .

Courts interpreting Local Rule 33-1(d) do not generally permit "state all facts"-style interrogatories. In EEOC v. United States Bakery, No. CV-03-64 HA, 2003 WL 23538023, (D. Or. Nov. 20, 2003), Judge Haggerty explained that the interrogatory in question there was "not a broad general interrogatory requesting

Mr. Peter Szanto
Mr. Martin Smith
Ms. Hilary Mohr
January 10, 2019
Page 10

USB to state all facts on which a contention is based."
However, debtor's interrogatory appears to be asking about the
authenticity or origin of the documents produced.  This does not
appear to be the type of "state all facts" interrogatory that is
prohibited by the local rule, and therefore the objection based
on LR 33-1(d) is overruled.

    The UST also objected on the ground that the
interrogatories are not proportional to the needs of the
litigation.  I agree.  The questions posed in Interrogatory 1
appear to address foundation and authenticity of documents.  If
debtor has a specific objection related to foundation or
authenticity of specific documents sought to be introduced at
trial, he may raise those objections at the appropriate time.
The court will establish a deadline for authenticity and
foundational objections to proposed exhibits and will schedule a
hearing in advance of trial to deal with those issues. Requiring
the UST to supply this information prior to trial for all
documents produced is not proportional to the needs of the case,
particularly since many of the responsive documents appear
likely to be public records or records whose origins are
apparent on their face.

Mr. Peter Szanto
Mr. Martin Smith
Ms. Hilary Mohr
January 10, 2019
Page 11

Debtor's Interrogatory 2 appears to seek information as to the foundation or authenticity of evidence introduced at a prior hearing.  Any objection he had to the foundation or authenticity of those documents should have been raised during that hearing. Debtor failed to demonstrate the relevance or proportionality of this request in the present litigation. To the extent he wishes to raise new objections, the time to do that will be at the time of or prior to trial when exhibit lists are filed.

Accordingly, debtor's motions to compel responses to Interrogatories 1 and 2 will be denied.

3. <u>Debtor's Motion for Terminating Sanctions for Plaintiff's Continuing Discovery Abuses</u>

Following the November 13 hearing, debtor filed a Motion for Terminating Sanctions for Plaintiff's Continuing Discovery Abuses, (doc. 157) ("Motion for Terminating Sanctions").  In the Motion for Terminating Sanctions, debtor argues that the UST has abused the discovery process by 1) delivering discovery documents by FedEx without pre-paying postage; 2) falsely representing to the court at the November 13 hearing that it intended to produce documents to debtor while simultaneously failing to do so and violating debtor's privacy by providing the

Mr. Peter Szanto
Mr. Martin Smith
Ms. Hilary Mohr
January 10, 2019
Page 12

sought after documents to debtor's opposing counsel in a separate adversary proceeding and to the chapter 7 trustee in debtor's main bankruptcy case; and 3) mailing an incomplete set of the discovery the UST proposed to produce to debtor in a manner calculated to result in debtor's failure to receive the documents. Debtor alleges the ultimate result of these alleged abuses is that he has not received discovery he was entitled to receive some time ago.

"A terminating sanction, whether default judgment against a defendant or a dismissal of a plaintiff's action, is very severe. . . . Only 'willfulness, bad faith, and fault' justify terminating sanctions." Connecticut Gen. Life Ins. Co. v. New Images of Beverly Hills, 482 F.3d 1091, 1096 (9th Cir. 2007). When considering whether to award terminating sanctions, the court must, among other things, examine "whether the court has considered lesser sanctions, whether it tried them, and whether it warned the recalcitrant party about the possibility of case-dispositive sanctions." Id.

Applying this test, debtor's motion must be denied. First, the UST volunteered and is further directed by this correspondence and the order entered herewith to make available

to debtor a hard copy of the discovery the UST has already indicated to the court it intends to produce to debtor.  The UST is directed to make such materials available at the Office of the UST in Santa Ana, California, located at 411 West Fourth Street, Suite 7160, Santa Ana, CA 92701, within 14 days of entry of the order the court will be entering. The court will freely consider an extension of this deadline in the event the current government shutdown impacts the UST's ability to comply.  Debtor may call the UST's Santa Ana office at (741) 338-3400 to confirm whether the office is open.  The UST's attempted voluntary production of the documents indicates to the court the UST's lack of willfulness, bad faith or fault, regardless of the impediments to production thus far.  Second, as directed by the Ninth Circuit, terminating sanctions are a sanction of last, not first, resort.  Even if the court believed that the UST was recalcitrant in the production of documents, which it does not, the UST would be entitled to much more extensive warning before the court could consider a terminating sanction.  On these bases, debtor's Motion for Terminating Sanctions will be denied.

Mr. Peter Szanto
Mr. Martin Smith
Ms. Hilary Mohr
January 10, 2019
Page 14

   4. <u>Debtor's Motion Pursuant to Fed. Rule of Bankruptcy Procedure 9011 for Sanctions Based on Plaintiff's Willful Abuse and Disregard of Law</u>

   In addition to his Motion for Terminating Sanction, debtor also filed a Motion Pursuant to Fed. R. Bankr. P. 9011 for Sanctions Based on Plaintiff's Willful Abuse and Disregard of Law (doc. 159) ("9011 Motion"). Debtor's chief complaint in this motion is that the UST filed a supplemental objection to the Motions to Compel, in contravention of Local Rule 7007(b), which sets out the requirements for opposition statements. Specifically, debtor points to Local Rule 7007-1(b)(3-4), which prohibits briefing beyond any opposition statement and supporting brief and replies except in support of a summary judgment motion. The correspondence sent to the court is not the type of supporting brief or reply this rule intends to prohibit. The UST was merely making the court aware of facts that it felt relevant to the pending motions that arose after the response was filed and before this court had issued its decision.

   Further, assuming, <u>arguendo</u>, that debtor's interpretation of the Local Rules is correct, Fed. R. Bankr. P. 9011 is not the proper method for challenging an erroneously filed brief. If debtor wished to challenge the UST's filing, debtor should have

filed a motion to strike, which the court would have considered in due course. Accordingly, debtor's 9011 Motion will be denied.

5. Conclusion

The Discovery Motions are granted insofar as the UST will be required to produce a privilege log and the remainder are denied, without prejudice to debtor to propound additional discovery, which conforms to the requirements of the applicable federal rules of civil procedure, to the UST after he has reviewed the documents produced by the UST. The Sanctions motions are denied.

The court will enter an order consistent with this letter.

Sincerely,

PETER C. MCKITTRICK
Bankruptcy Judge