Peter Szanto  949-887-2369
11 Shore Pine
Newport Beach CA 92657

# U.S. Bankruptcy Court
## In and for the District of Oregon

| | |
|---|---|
| In Re: Peter Szanto, Debtor | **Adv. Proc. No. 18−03022−pcm** |
| ---------------------------------------- | **Core Case No. 16−33185−pcm7** |
| U S Trustee, Plaintiff | |
| V. | **Notice of Motion and Motion for Terminating Sanctions for Plaintiff's Continuing Discovery Abuses** |
| Peter Szanto, Defendant | **HEARING REQUESTED** |

## 1. Plaintiff's Certification Relating to Pre-filing Conferral (Certification Pursuant to LBR 7007-1 (a))

On 2-25-19, debtor telephoned U.S. Trustee Mr. Smith seeking to discuss the instant application for relief. The call went to Mr. Smith's voice recorder. Debtor stated that he was asking for a return phone call to discuss

16-33185 / 18-3022           MOTION 2-28-2019 - PAGE 1

important matters related to the instant case. Debtor sought actually to speak with Mr. Smith.

As of the signing of the instant paper, debtor has received no communication from Mr. Smith regarding the instant application.

Therefore, pursuant to rule **LBR 7007-1 (a)**, debtor has sought conferral so as to resolve the issues to be presented here, but has been unsuccessful in that regard.

I certify under penalty of perjury under the laws of the United States, that foregoing is true and correct. Signed at Irvine CA.

DATED 2/28/2019  /s/ *Signed electronically* Peter Szanto

## 2. NOTICE PER LBR 9013-1(b)

**Notice!!!** If you oppose the proposed course of action or relief sought in this motion, you must file a written objection with the bankruptcy court no later than 14 days after the date listed in the certificate of service below. If you do not file an objection, the court may grant the motion without further notice or hearing. Your objection must set forth the specific grounds for objection and your relation to the case. The objection must be received by the clerk of court at ** 1050 SW 6th Ave – Room #700 Portland  OR 97204 ** by the deadline specified above or it may not be considered. You must also serve the objection on Peter Szanto at 11 Shore Pine,

16-33185 /  18-3022              MOTION 2-28-2019  -  PAGE  2

Newport Beach CA 92657 within that same time. If the court sets a hearing, you will receive a separate notice listing the hearing date, time, and other relevant information.

### 3. Notice

To the Court and the U.S. Trustee, please take notice, comes now debtor seeking relief such that this honorable Court impose terminating sanctions as punishment for plaintiff's continuing discovery abuses.

### 4. Facts

**Exactly** as the USA was caught by surprise at Havana Bay in 1898 ----- at Pearl Harbor in 1941 – and at the World Trade Center in 2001 --- debtor was caught off guard (and in shock) by the despicable lying and spoliation and fabrication of evidence and documents by the U.S. Trustee at the conversion hearing in this case in November 2017!!

To insure that debtor was completely intimidated and totally terrified at that conversion hearing, the U.S. Trustee brought along a U.S. Marshall to display an automatic pistol to debtor to emphasize that if debtor

16-33185 / 18-3022   MOTION 2-28-2019 - PAGE 3

attempted to speak out about the abuse of process and perjury that were being committed by the U.S. Trustee, **debtor would be shot dead!!!**

**Exactly** as the USA regrouped from the surprise attacks against it, debtor has recovered from the degradation and humiliation of the 2017 conversion hearing and seeks to demonstrate to this Honorable Court the scam, falsification and absolute abuse of process which occurred at the conversion hearing were improper U.S. Trustee acts.

Apparently, debtor's efforts to obtain the evidence which underlies the instant case is inconvenient for the U.S. Trustee, because it would tend to demonstrate not only that the instant action is without foundation and evidentiary support, but also that the conversion hearing was based on false evidence fabricated by the U.S. Trustee for the sole purpose of vexing debtor without any reasonable justification.

Given this essential dynamic: that the purpose of the U.S. Trustee is to frustrate debtors. It is not surprising that the U.S. Trustee will do anything and everything (without regard to truth, justice or law) in its power to keep this Honorable Court in the dark and bewildered about the U.S.

Trustee's actual methods of excoriating and disparaging debtors so as to seek and obtain debtor Szanto's liquidation, eradication and extermination!

### a. *Hiding Evidence Is the U.S. Trustee's Only Strategy*

The issue in this application is discovery propounded to the U.S. Trustee beginning June 2, 2018.

Debtor has received no adequate responses and was forced to make motions to compel [Docket Entry 47, 48, 49, 50, EXHIBITS A, B, C, D].

Additionally, debtor contends that much of the fabricated evidence with which he was vexed came from Mr. Henderson and his sister, Marissa, abusing debtor's spouse's credit card information (by mis-using credit card information which should never have been stored) from an unrelated 2013 matter (material to which Marissa Henderson improperly obtained access).

Thereafter, debtor sought to know the exact nature of the relationship between the U.S. Trustee and Mr. Henderson (IE, whether Mr. Henderson,

and or his clients paid, or are paying, the U.S. Trustee to vex debtor with false and phony evidence; whether the U.S. Trustee is in Mr. Henderson's employ?).

The U.S. Trustee assured the Court that her interactions with Mr. Henderson (among others: 1) intentionally placing debtor's credit card information into the public record and 2) having Marissa Henderson respond to a subpoena 5 minutes after it was issued (which as a matter of course made it impossible for debtor to obtain any of the requisite FRCP 45 notice protections.)) were just fine because they were privileged.

The Court obliged debtor with an order (Docket Entry 167, EXHIBIT E) to the U.S. Trustee as to providing debtor with what, if any, privilege accommodated placing debtor's credit card information into the public record and what privilege allowed the U.S. Trustee to deprive debtor of all subpoena notice.

Irrespective of multiple ORDERS of this Court, debtor has not been provided with any discovery information **whatsoever** in response to any

16-33185 / 18-3022   MOTION 2-28-2019 - PAGE 6

of his discovery nor any response to the privilege (or employment for money) which exists between the U.S. Trustee and Mr. Henderson.

### b. *Trustee's Latest Effort to Evade Discover*

Debtor received the attached letter [EXHIBIT F] on February 22, 2019. Debtor offers no explanation for the letter's travel time of 15 days, other than to say that 1) he has no control of the U.S. Mail and 2) that debtor was not the one who posted the letter and 3) debtor was not the one who dropped the letter into the stream of mail on an unknown date.

After opening and reading the letter, debtor promptly dialed the phone number indicated in the letter: **741-338-3400**. Debtor thought to make an appointment to retrieve the discovery materials he had requested 280 days ago. However, the call did not connect. Thereafter, debtor tried the **741-338-3400** indicated phone multiple times over several days, but the call simply did not connect.

Debtor telephoned to the U.S. Trustee's office in Portland, on February 22, 2019, but at all times, Mr. Smith was unavailable to speak

with debtor to explain why the **741-338-3400** phone number did not connect.

On February 25, 2019, debtor personally travelled to 411 W. Fourth Street, Santa Ana, California and went to Suite 7160.

Debtor spoke with a female (who would not reveal her name or position) and asked to speak with Mr. Cadigan. Debtor was informed that Mr. Cadigan was unavailable. Debtor thereafter asked if there were any papers available for him. But was told there were no papers available for him.

Debtor thereafter left the 411 W. Fourth Street Building.

## 5. MEMORANDUM

a. *Law Sustaining Sanctions for Abuse*

FRCP 26(b) defines what may be sought through discovery and states in pertinent part:

> "Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is **relevant to any party's claim** or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."

In this case, debtor seeks merely those materials which plaintiff has in her possession which contain material about debtor and the instant case. Debtor will then craft a defense to plaintiff's allegations.

Likewise, debtor seeks those materials which will demonstrate that Mr. Henderson made the office of the U.S. Trustee his own employee by having the U.S. Trustee use its absolute immunity to abuse debtor and his spouse's credit card and the protections of the FRCP 45 subpoena laws.

On this basis, the discovery sought is wholly relevant. Debtor is not abusive of the FRCP 26 rule, because the materials sought are all relevant, because **debtor's ability to defend himself relies on knowing what materials are to be used against him**. (Especially those materials which were handed over to Mr. Henderson (for money by the U.S. Trustee). And which Mr. Henderson was allowed to use as though he were an official member of the U.S. government.)

"Since the touchstone of any discovery motion is relevance, the primary issue for decision is whether the documents and information sought relate to any of the legal or factual issues in dispute." *Pierson v.*

16-33185 / 18-3022              MOTION 2-28-2019  -  PAGE 9

Case 18-03022-pcm    Doc 176    Filed 02/28/19

*U.S.* (1977) 428 F.Supp. 384, 387. Here, all materials sought by debtor are relevant, **because all that is sought is material which concerns debtor**.

**Thereupon, after 280 days of requesting, but being thwarted from obtaining any materials whatsoever, debtor prays this Court exercise its power under FRCP 37(b)(2)(v) and dismiss this matter with prejudice.**

Dismissal is a fair and equitable outcome, because after such an immense length of time at evading discovery, this Court must come to the conclusion that the only thing that the U.S. Trustee is seeking to do is to cover-up and make disappear all of the misdeeds, abuse and spoliated evidence with which it deceived this Court at the November 2017 conversion hearing.

### 6. Declaration of Peter Szanto

1. My name is Peter Szanto, I am the defendant herein.
2. This is my truthful declaration regarding the continuing issue of flagrant abusive discovery and misuse of process of discovery by the plaintiff.
3. Plaintiff's abuse of discovery is intentional and is being carried

out because plaintiff knows that Judge McKittrick disbelieves everything which debtor says: thus by disbelieving debtor and hating debtor's demeanor – Judge McKittrick sets himself up to believe the U.S. Trustee's nonsense and abuse of law, no matter how ridiculous, offensive and absurd.

4. Thus, debtor's complaints of abuse of process and discovery by plaintiff are perceived by Judge McKittrick as debtor's lies and more bad demeanor: only a horribly ugly man could have any truck with the sainted and revered U.S. Trustee!

5. Thus plaintiff is intentionally motivated to withhold discovery, because it enhances her position as a truth teller and creates further animosity against debtor as a whiner. (That is, by causing debtor to complain of discovery abuse, the U.S. Trustee reaps the benefit of looking put-upon in her very very busy efforts to liquidate and exterminate debtor.)

6. Indeed, the U.S. Trustee's efforts are precisely the type of psychological mind-warping which is trained to government attorneys: create situations wherein judges need only decide the character of the government attorney. Judges always believe government attorneys to be sainted and perfect. So a debtor complaint (as here) will be relegated to the trash heap of waiting for compliance even after 280 days.

7. In this case, the U.S. Trustee knows that Judge McKittrick will

believe whatever she / he says.

8. Truth is not a factor in the U.S. Trustee's prosecution of this case.

9. **Specifically, no matter what abuse the U.S. Trustee does, the Court will find that abuse preferable to believing debtor.**

10. This unfortunate set of circumstances creates a scenario wherein the U.S. Trustee can continue evading discovery and avoiding the production of documents **FOREVER**.

11. Thus, terminating sanctions are in order so that debtor need not be forced through unending discovery abuse and evasion.

12. I believe to an absolute certainty that the reason there is no fairness in this case is because Judge McKittrick believes anything that the U.S. Trustee represents: the veracity of truth is not a factor in this case.

13. This creates the contrary problem for me that no matter what I say or represent, Judge McKittrick already presumes my

16-33185 / 18-3022      MOTION 2-28-2019 - PAGE 12

statements to be lies, because I am not the U.S. Trustee.

14. I have spoken to Mr. Henderson about employing the U.S. Trustee as his assistant counsel in our adversary proceeding.

15. Mr. Henderson spoke as though the U.S. Trustee worked for him personally.

16. Mr. Henderson stated that all citizens are entitled to use government resources like the U.S. Trustee's office's information and documents to obtain material, because after filing for Bankruptcy debtor was no longer entitled to any right to privacy.

17. Debtor received the attached letter [EXHIBIT F] on February 22, 2019.

18. After opening and reading the letter, debtor promptly dialed the phone number indicated in the letter: **741-338-3400**.

16-33185 / 18-3022    MOTION 2-28-2019 - PAGE 13

19. Debtor thought to make an appointment to retrieve the discovery materials he had requested 280 days ago.

20. However, the phone call to **741-338-3400** did not connect.

21. Thereafter, I tried the **741-338-3400** indicated phone multiple times over several days, but the call simply did not connect.

22. I telephoned to the U.S. Trustee's office in Portland, on February 22, 2019, but at all times, Mr. Smith was unavailable to speak with me to explain why the phone number **741-338-3400** did not connect.

23. On February 25, 2019, I personally travelled to 411 W. Fourth Street, Santa Ana, California and went to Suite 7160.

24. I spoke with a female (who would not reveal her name or position).

25. I asked to speak with Mr. Cadigan.

26. I was informed that Mr. Cadigan was unavailable.

27. I thereafter asked if there were any papers available for me, Peter Szanto, a debtor in an Oregon Bankruptcy action.

28. I was told there were no papers available for me.

16-33185 / 18-3022     MOTION 2-28-2019 - PAGE 14

Case 18-03022-pcm    Doc 176    Filed 02/28/19

29. I thereafter left the 411 W. Fourth Street Building.

30. I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

31. Signed at Irvine, California.

DATED 2/28/2019 /s/ *Signed electronically* Peter Szanto

## 7. CONCLUSION

The rule is very clear that discovery must be complied with. Here, because plaintiff has absolute immunity, she believes she can play absurd games with the Court and debtor's time and patience. The Court is called upon to show plaintiff that her absolute immunity is not boundless and does not extend to discovery abuse.

**This matter need be immediately dismissed with prejudice, because the U.S. Trustee has demonstrated by clear and convincing evidence that its intent is not to follow the rules of discovery.**

**Such abuse of the discovery rules is fatal to its case**.

Most respectfully,

DATED 2/28/2019  /s/ *Signed electronically* Peter Szanto

## Proof of Service

My name is Maquisha Reynolds, I am over 18 years of age and not a party to this action. My business address is PO Box 14894, Irvine CA 92623.

**On the date indicated below, I mailed via the US Postal service, in a sealed envelope with postage thereon prepaid, the within Motion to:**

U.S Trustee, Mr. Smith at

620 SW Main St. #213

Portland OR 97205

I declare under oath that the foregoing is true and correct.

Signed at Irvine CA.

DATED 2/28/2019  /s/ *Signed electronically*  Maquisha Reynolds