Below is an order of the court.

                                         _____
                                         PETER C. McKITTRICK
                                         U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In Re:  PETER SZANTO,  Debtor. | Bankruptcy Case No. 16-33185-pcm7 |
| UNITED STATES TRUSTEE,  Plaintiff,  v.  PETER SZANTO,  Defendant. | Adversary No. 18-3022-pcm  ORDER DENYING MOTION FOR TERMINATING SANCTIONS (Doc. 176) |

This is a proceeding to deny Debtor a discharge under 11 U.S.C. § 727(a)(2)(A), (a)(2)(B), (a)(3), (a)(4)(A), (a)(4)(B), (a)(4)(D), and (a)(6)(A). See Doc. 1. Debtor has filed a motion captioned Notice of Motion and Motion for Terminating Sanctions for Plaintiff's Continuing Discovery Abuses (the Motion). Doc. 176. Debtor certifies that before he filed the Motion, he complied with LBR 7007-1(a). As pertinent here, LBR 7007-1(a) requires that a party must certify the following:

Page 1 - ORDER DENYING MOTION FOR TERMINATING SANCTIONS (Doc. 176)

(B) The movant made reasonable efforts to confer and the opposing party either refused to confer or did not respond to movant's request(s), including a description of the efforts made[.]

LBR 7007-1(a)(1). Debtor states in his certification that he phoned Plaintiff on February 25, 2019, the call went to voicemail, and Debtor asked "for a return phone call to discuss important matters related to the instant case." Motion, p. 1-2.

Plaintiff has filed an objection and two declarations in support of the objection. Docs. 177-179.

The Court has considered the Motion and determines that a hearing is not necessary. LBR 7007-1(d)(1).

The Court previously ordered Plaintiff to provide Debtor with certain discovery by making paper copies of the documents available for Debtor to pick up at the Office of the United States Trustee (the UST) in Santa Ana, California. See Doc. 168. Debtor lives near Santa Ana. In accordance with that order, Plaintiff sent Debtor a letter informing him that the documents were available at the UST's Santa Ana office and asking him to call Assistant UST Frank Cadigan at (741)338-3400 to arrange a pick-up time. See Doc. 176, Exhibit F. The letter contains an error in that the correct area code is (714), not (741).

Debtor states in his declaration attached to the Motion that he tried to call the (741)338-3400 number "multiple times over several days, but the call simply did not connect." Doc. 176, p. 14. Debtor also states that he phoned Mr. Smith at the UST's Office in Portland on February 22, 2019, but Mr. Smith "was unavailable to speak with me to explain why the phone number . . . did not connect." Id. Debtor says that he went to the UST's Santa Ana office on February 25, 2019, but was

Page 2 - ORDER DENYING MOTION FOR TERMINATING SANCTIONS (Doc. 176)

told that no documents were available for him.

Plaintiff admits it inadvertently transposed two numbers in the phone number and has provided the Court with a copy of an email sent to Debtor on the same date Debtor filed the Motion that corrects that error and requests that Debtor raise any future issues via email instead of making late-night telephone calls. Plaintiff also disputes that Debtor did, in fact, go to the Santa Ana UST's office on February 25. See Declaration of Frank M. Cadigan, Doc. 179. The Court need not decide that factual dispute to dispose of the Motion.

The Court has previously explained to Debtor that a "terminating sanction, whether default judgment against a defendant or a dismissal of a plaintiff's action, is very severe. . . . Only 'willfulness, bad faith, and fault' justify terminating sanctions." Connecticut Gen. Life Ins. Co. v. New Images of Beverly Hills, 482 F.3d 1091, 1096 (9th Cir. 2007)." Doc. 167. The issues with the discovery as reported in the Motion do not warrant the severe sanction of dismissal, especially in light of the claims asserted in this adversary proceeding. The denial of a bankruptcy discharge "is a question of public policy that benefits all of the creditors of the bankruptcy estate." In re Bates, 211 B.R. 338, 346 (Bankr. D. Minnesota 1997). Moreover, even assuming that Debtor is not aware of the correct area code of the phone number for the UST's office in Santa Ana, the Court believes that the Motion is frivolous given that an email to Plaintiff or a simple search via Google or a similar search engine would have revealed that two numbers in the area code had been transposed. Most importantly, the filing of the Motion could have been avoided if the parties had meaningfully conferred.

Page 3 -   ORDER DENYING MOTION FOR TERMINATING SANCTIONS (Doc. 176)

1  The Court has considered any additional arguments raised by Debtor
2 in the Motion.  The Court has already addressed and rejected some of
3 those arguments in earlier orders in the main bankruptcy case and related
4 adversary proceedings.  Any remaining arguments are irrelevant and/or
5 without merit.
6  Therefore, for the reasons stated above,
7  IT IS HEREBY ORDERED that the Motion is DENIED.
8  IT IS FURTHER ORDERED that to give effect to this Court's pre-filing
9 conferral requirement as set forth in LBR 7007-1(a), all pre-filing
10 conferral efforts must be initiated or documented via email.  To the
11 extent a party first attempts to confer by calling the other party, such
12 call must be initiated during normal business hours of 9:00 a.m. to 5:00
13 p.m., Monday through Friday, and that party must immediately send the
14 other an email stating the date and time of the phone call and
15 specifically identifying the issue sought to be resolved.  Any motion
16 filed in this proceeding that fails to comply with LBR 7007-1(a) and this
17 requirement may be denied and/or subject to sanction.
18  IT IS FURTHER ORDERED that the Court may sanction the filing of
19 further frivolous motions in this adversary proceeding.

###

cc: Peter Szanto
    United States Trustee